OPINION OF THE COURT
Roger J. Miner, J.
In this action to recover for conscious pain and suffering and wrongful death defendant moves "for an Order disqualifying plaintiffs counsel from serving in that capacity in this action, and directing that plaintiff obtain new counsel within thirty (30) days and be prepared to proceed to trial”. Defendant contends that the plaintiffs attorney ought to be called as a witness on behalf of the plaintiff and therefore is barred *141 from continuing as attorney under rules established by the Code of Professional Responsibility.
The defendant in the action is charged with negligence and breach of warranty in the design and manufacture of an automobile in which plaintiffs decedent met his death on May 8, 1971. Plaintiff executor is also the attorney for plaintiff in the action. Defendant alleges that the vehicle in question was delivered into the possession of plaintiff on January 20, 1972 and that thereafter "the subject vehicle, and its allegedly defective components disappeared.” Defendant asserts that the automobile was under plaintiffs exclusive control at the time of its disappearance and that defendant therefore has been unable to conduct a discovery and inspection of the vehicle or its components. Apparently, defendant has had access to the report of plaintiffs expert witness and has taken his deposition.
Based upon the foregoing, defendant contends that plaintiffs attorney, or a member of his firm, will be called as a witness to "establish the foundation necessary for the plaintiffs expert’s testimony, including proof relative to the integrity of the evidence, the chain of custody of same, and the proof that it would be in the same condition at the time of the inspection as it was at the time of the occurrence.” Defendant’s attorney asserts that he will call plaintiff to the witness stand if compelled to put forward defendant’s case.
Plaintiff contends that defendant has no standing to make the motion at bar and has demonstrated no prejudice to defendant. He asserts that he does not plan to call himself or any attorney in his firm as a witness and the defendant is speculating upon plaintiff’s case without foundation. Plaintiff alleges that the automobile did not disappear as stated by defendant’s attorney and points out that the receipt for the vehicle was not signed by him or by a member of his firm. Claiming that it is not obvious that he or any member of his firm ought to be called as a witness, plaintiff asserts that his removal from the case would work a substantial hardship to his decedent’s estate. Plaintiff also claims that he is entitled to appear pro se and that the motion is untimely, since the case is ready for trial. Plaintiff has submitted an affidavit by the sole legatee of decedent’s estate wherein the legatee, decedent’s daughter, consents that plaintiff continue as attorney.
An attorney may not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a *142 member of his firm ought to be called as a witness. (Code of Professional Responsibility, DR 5-101, subd [B].) If an attorney learns or it becomes obvious to him, after employment in litigation is undertaken, that he or a member of his firm ought to be called as a witness on behalf of a client, the attorney must withdraw. (Code of Professional Responsibility, DR 5-102, subd [A].) These rules are subject to certain exceptions. (Code of Professional Responsibility, DR 5-101, subd [B], pars [l]-[4].) Obviously, the rule cannot apply to an attorney who appears pro se.
It does not appear from the foregoing that the plaintiff ought to be called as a witness on behalf of plaintiff. (Cf. Grossman v Commercial Capital Corp., 59 AD2d 850; cf. RA V Realty Corp. v Marino, 63 AD2d 609.) There is no showing that the chain of custody of the vehicle or the condition of the vehicle after the accident cannot be established by other witnesses. Moreover, the plaintiff appears pro se in this action. To be distinguished is the factual situation revealed in Gasoline Expwy. v Sun Oil Co. of Pa. (64 AD2d 647, affd 47 NY2d 847) cited by defendant. There, it was obvious that the attorney’s testimony was essential in proving the plaintiff’s case. Also, the attorney could not appear pro se in that action because the plaintiff was a corporation formed by the attorney to conduct her business. (CPLR 321, subd [a].) Finally, it appears that any testimony to be given by the plaintiff relates to matters of formality, and there is no reason to believe that substantial evidence will be used in opposition to that testimony. (Code of Professional Responsibility, DR 5-101, subd [B], par [2].)
Motion denied.