OPINION OF THE COURT
Martin B. Stecher, J.
The plaintiff moves “pursuant to CPLR 321, the Code of Professional Responsibility [being part of the Judiciary Law of New York] and the inherent power of this Court disqualifying defendants’ attorney * * * from representing defendants in the instant action;” and for an order (CPLR 3025, subd [b]) permitting plaintiff to amend the complaint to assert claims against the said attorney. Although no application is made therefor, I assume that the plaintiff also seeks the issuance of a supplemental summons.
The underlying dispute between the plaintiff and the defendants involves the right to possession of a rent-controlled apartment located at 905 West End Avenue, New York City. It is asserted that the defendants changed the door locks excluding plaintiff from the apartment.
On May 7, 1982 during a deposition of the defendants, the defendants’ attorney Nerboso, it is alleged, acknowledged that he advised the change of locks, contacted the locksmith and personally arranged for the substitution of new locks. Based upon these concessions by the attorney, the plaintiff contends that the attorney will necessarily be a witness and seeks to disqualify him from further representation of the defendants. At the same time, plaintiff seeks to join Nerboso as a party defendant on the grounds that Nerboso’s tortious conduct entitles the plaintiff to relief.
*727 Turning first to the question of the proposed amended complaint and addition of a party defendant, the motion is granted. There is nothing to stop the plaintiff from bringing a separate action against the attorney. We would then have two lawsuits arising out of the same facts which in all likelihood would be consolidated (CPLR 602, subd [a]). It cannot be said, as a matter of law, that the alleged torts of an attorney are privileged or are otherwise insulated from suit. An attorney may be held liable to third parties if he or she has been “guilty of fraud or collusion or of a malicious or tortious act” (Gifford v Harley, 62 AD2d 5, 7; Hahn v Wylie, 54 AD2d 629). “Malice” does not necessarily require personal aversion or hatred; an act is deemed in law to be malicious when it is done with knowledge of the plaintiff’s rights and with the intention of interfering with those rights (Kent v City of Buffalo, 36 AD2d 85, 87, revd on other grounds 29 NY2d 818). Obviously, the court can make no judgment at this stage of whether or not the attorney’s acts were tortious or were malicious, but sufficient is set forth to allow the amendment (CPLR 3025, subd [b]) and the joinder of an additional defendant (CPLR 1002, subd [b]).
The moving plaintiff, in an effort to disqualify Mr. Nerboso, the defendants’ attorney, relies on DR 5-102 of the Code of Professional Responsibility. This section is entitled “Withdraw as Counsel When the Lawyer Becomes a Witness”.
Withdrawal under this section stands on the simple footing that the attorney trying the case should not place his credibility before the jury (Tru-Bite Labs v Ashman, 54 AD2d 345, 347). Unlike disqualification because of actual or apparent existence of a fiduciary relationship between the attorney and the adversary’s client, there is no information here which the attorney might wrongfully give his own client nor is there any appearance of impropriety created by such representation (cf. Westinghouse Elec. Corp. v Kerr-McGee Corp., 580 F2d 1311; Westinghouse Elec. Corp. v Gulf Oil Corp., 588 F2d 221; Silver Chrysler Plymouth v Chrysler Motors Corp., 518 F2d 751; T.C. Theatre Corp. v Warner Bros. Pictures, 113 F Supp 265). In a case where after representation begins it is learned that *728 the attorney may be a witness, the prohibition is only that “he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial” (DR 5-102 [A]). It is not the intention of this rule to insulate an attorney, who may be a witness, from his client.
Under the circumstances revealed here, there is little doubt that I should be required to disqualify Mr. Nerboso and his firm from trial representation were it not for the balance of the motion which the plaintiff has made. As a consequence of it, Mr. Nerboso is now a party to the action. “A party * * * may prosecute or defend a civil action in person or by attorney” (CPLR 321, subd [a]). This statutory right does not exclude attorneys (cf. Grasso v General Motors Corp., 101 Misc 2d 140). Mr. Nerboso, having been made a defendant in this case, has every right to represent himself. He may be called as a witness but he has, at the same time, not only the obligation to testify but the right to plead his case before the jury or the court as the case may be. The judicial reluctance to permit an attorney to place his own credibility before the jury dissipates in the presence of the plaintiff’s own demand that Nerboso be a party defendant. Under such circumstances, the motion to disqualify Mr. Nerboso is denied. Whether or not Mr. Nerboso as a party defendant will have an interest in conflict with his own clients is a matter which he and they must consider.