OPINION OF THE COURT
George B. Ceresia, Jr., S.
In this contested probate proceeding, objectants, pursuant to the "advocate-witness rule” embodied in the Code of Professional Responsibility, have moved to disqualify proponent’s counsel on the basis that proponent’s counsel will be required to be a trial witness.
Proponent concedes that at the actual trial, proponent’s counsel would be disqualified, and in fact, proponent has already arranged for a separate "trial counsel”. However, proponent argues that disqualification is not required at this stage of the proceeding.
FACTS
Proponent Alice Moran has offered for probate as the purported last will and testament of John E. O’Malley, Sr., a document dated November 12, 1987. The document has two attesting witnesses, one of whom is proponent’s counsel in this proceeding. Also, proponent’s counsel was the draftsman of the purported will. After the court obtained jurisdiction over all parties, objectants filed objections and made the motion at issue.
The objections allege that the decedent was not of sound mind or memory and was not mentally capable of making a will on November 12, 1987. They further allege that said will was not freely or voluntarily made by decedent and was obtained through the undue influence of the principal beneficiary.
OPINION
Although the Code of Professional Responsibility is not binding on the court, the Code’s provisions should be used by the court where applicable. (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437.)
The applicable Disciplinary Rules of the Code provide, in relevant part, as follows:
"DR 5-101. Refusing Employment When the Interests of the *865 Lawyer May Impair His Independent Professional Judgment * * *
"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
"(1) If the testimony will relate solely to an uncontested matter.
"(2) If the testimony will relate solely to a mattter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
"DR 5-102. Withdrawal as Counsel When the Lawyer Becomes a Witness
"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not. continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4).
"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.”
In determining whether or not a party’s attorney should be disqualified during litigation, courts must consider such factors as a party’s right to choose its own counsel, and the fairness and effect in the particular factual setting of granting disqualification or continuing representation. (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, supra.)
The court readily recognizes that the tactic of seeking *866 disqualification of opposing counsel on the basis that such counsel may be called as a witness is fraught with the danger of potential abuse if improperly employed. Such a tactic may deprive a party of its right to select counsel of its own choosing and may also place the party at a great economic and tactical disadvantage.
However, the overriding factor is whether the continuance of representation by the party’s attorney would result in the "unseemly situation where an advocate must argue his own credibility before the trier of fact”. (North Shore Neurosurgical Group v Leivy, 72 AD2d 598, 599.)
As 1 of the 2 attesting witnesses to the purported will, proponent’s counsel’s testimony is essential to having the will admitted to probate (see, SCPA 1404). Moreover, it is obvious that proponent’s counsel will be questioned as to the circumstances of the drafting of the will and as to his opinion of decedent’s competence. Under such circumstances, there can be no doubt that proponent’s counsel must be disqualified at some stage of these proceedings.
Proponent’s argument that disqualification should not take place until the time of actual trial has been supported by some courts. (Estate of Bender, NYLJ, May 20, 1986, at 14, col 5 [Sur Ct, Nassau County]; Estate of May, NYLJ, Aug. 24, 1988, at 20, col 6 [Sur Ct, Nassau County].)
This court cannot agree with that contention. As an essential witness, proponent’s counsel might not only be called upon to answer interrogatories or to be orally examined in pretrial stages, but he may also need to make factual affidavits in defense or in prosecution of motions to dismiss or for summary judgment. Additionally, he might find it necessary to argue motions for or against preclusion or protection orders concerning his own testimony. Since all of these events may occur in pretrial stages, the continued representation of proponent by present counsel poses the danger that proponent’s counsel will be in the unseemly situation of arguing his own credibility. (See, Code of Professional Responsibility EC 5-9, 5-10; Tru-Bite Labs v Ashman, 54 AD2d 345.)
Moreover, to allow counsel to continue until such a pretrial conflict arises would subject proponent to the possibility of fragmented, and, potentially, less than effective counsel.
The better rule in a contested probate proceeding, where proponent’s counsel is an essential subscribing witness to the will, is disqualification before pretrial discovery following the *867 formal filing of objections. This would not preclude the advocate-witness from conducting settlement negotiations after filing of objections so. long as pretrial discovery had not been started.
Moreover, in the event the probate contest is resolved in favor of the proponent, the attorney-draftsman-witness would be free to represent the estate in all subsequent proceedings and matters.
Objectants’ motion is granted, without costs.