OPINION OF THE COURT
Lee L. Holzman, J.
In this probate proceeding, objectant has moved to disqualify counsel for proponent.
Decedent died on November 16, 1995 at the age of 72 years, survived by her three children, including proponent and object-ant. Objectant alleges that the propounded instruments, a will dated September 29, 1993 and a codicil dated March 29, 1994 *101 (hereinafter referred to as the will), should be denied probate on the grounds of undue influence, fraud, and lack of both due execution and testamentary capacity.
Objectant contends that proponent’s counsel should be disqualified both because members and employees of the firm will be necessary witnesses at the trial and because the firm had previously represented objectant. Proponent concedes that members of the firm will be necessary witnesses at the trial as a result of their having either drafted the will or acted as an attesting witness. Although proponent recognizes that the advocate-witness disqualification rule precludes her current counsel from acting as trial counsel, she asserts that her counsel should not be disqualified on the grounds that the firm previously represented objectant and wants to retain counsel’s services until the trial.
There remains to be determined whether the advocate-witness disqualification of proponent’s counsel as a result of their involvement in the drafting and execution of the will mandates disqualification at the pretrial stage of this proceeding. In Matter of O'Malley (141 Misc 2d 863) counsel was disqualified in a probate proceeding prior to trial on the grounds that counsel who drafted the will and acted as one of the attesting witnesses might not only be called upon to answer interrogatories or to be orally examined in pretrial stages, but he might also have to submit factual affidavits in pretrial motions. The court, relying upon True-Bite Labs v Ashman (54 AD2d 345), concluded that such pretrial involvement by counsel would place him in the unseemly situation of arguing his own credibility. Although the Appellate Division, First Department, held in True-Bite Labs v Ashman (supra) that the advocate-witness disqualification rule applies to nonjury cases, the First Department thereafter held in S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp. (122 AD2d 676, 678, revd on other grounds 69 NY2d 437) that the trial court "exercising sensitivity and restraint within the parameters of that rule, struck an appropriate balance here in finding that disqualification of plaintiffs counsel’s law firm is required but only as to the trial itself.”
Although there does not appear to be any officially reported case permitting an attorney who is to be called as a witness in a probate proceeding to continue to represent the proponent until the actual trial, there are several decisions from the Surrogate’s Courts reported in the New York Law Journal holding that disqualification of attorneys because they may be wit *102 nesses at the trial does not require their disqualification prior to the trial (Estate of Wolther, NYLJ, June 3, 1997, at 32, col 6 [Sur Ct, Nassau County], citing two of its own cases, Matter of May, NYLJ, Aug. 24, 1988, at 20, col 6; Matter of Bender, NYLJ, May 20, 1986, at 14, col 5; see also, Matter of Reilly, NYLJ, Jan. 27, 1997, at 34, col 4 [Sur Ct, Kings County], citing Matter of Kelner, NYLJ, Jan. 25, 1996, at 34, col 4 [Sur Ct, Westchester County]). Moreover, Matter of O’Malley (supra) is the only reported or unreported case that has been called to the court’s attention holding that the advocate-witness disqualification rule should be extended to the pretrial stages of a probate proceeding. Objectant’s reliance upon the unreported decision of the Nassau County Surrogate’s Court in Matter of Oliner (May 23, 1994, file No. 27827, decision No. 349) is misplaced. Surrogate Radigan’s decision in that case supports the opposite position because he specifically held that "the motion for an order determining that the attorney for the respondent (in a discovery proceeding) is disqualified, is granted to the extent that he cannot represent the respondent at trial.” (Supra.)
This court declines to follow Matter of O’Malley (supra) to the extent that it holds that the advocate-witness disqualification rule requires that counsel in a probate proceeding be automatically disqualified at the pretrial stage and instead follows the majority view that counsel for proponent should not be automatically disqualified at the pretrial stage of a probate proceeding. Automatic disqualification at the pretrial stage would undoubtedly in some instances be used as a tactic to try to bludgeon a settlement based on the additional expenditure that the estate would have to immediately incur to retain new counsel who would have to spend time to attain the knowledge that counsel of proponent’s choice already possesses. This would create more of a hardship in probate proceedings than in some other matters both because counsel frequently does not know whether the probate proceeding would be contested at the time that the probate petition is filed and because the overwhelming majority of probate contests are ultimately settled prior to trial.
Accordingly, the court determines, in the exercise of its discretion, that the branch of objectant’s motion which seeks the disqualification of proponent’s counsel prior to trial should be denied. The denial of this branch of the application should not be construed as either a license to delay the trial because new counsel will have to be obtained to try the case or as pre *103 cedent for the proposition that there are no circumstances which would warrant counsel’s disqualification prior to trial based upon counsel’s involvement with the issues to be tried. To the contrary, where there is a real conflict of interest between counsel’s version of the events and an alternative version that might be successfully pursued by the client, this conflict would appear to require that counsel be disqualified immediately.