*408 OPINION OF THE COURT
Lee L. Holzman, J.
In this SCPA 2103 discovery proceeding, the respondent moves to disqualify the petitioner, who is the executor of the estate and an attorney, from representing himself in his fiduciary capacity. The respondent contends that the advocate-witness rule mandates the petitioner’s disqualification (Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]). The novel issue presented is whether the petitioner has the same right to represent himself in his fiduciary capacity as he does individually. The court holds that he does not.
The decedent died on July 20, 2006 at the age of 85. Shortly before his death, the decedent executed a general power of attorney (POA) naming the respondent as his attorney-in-fact. Thereafter, the respondent deposited approximately $393,453 of the decedent’s assets into two joint bank accounts held in both of their names. The petitioner alleges that the estate is entitled to all proceeds in those joint bank accounts on the grounds that the execution of the POA took place at a time the decedent lacked the capacity to execute the POA and the POA and resultant transfers were the result of fraud and undue influence by the respondent.
Annexed to the petition in this proceeding are e-mail messages that the petitioner sent to Liam O’Brien, Esq., on July 14, 2006 and July 18, 2006. In the second e-mail, the petitioner informed O’Brien that the fact that there was a joint account with the respondent was “fine” and would result in a benefit to the respondent upon the decedent’s death. The petitioner then advised O’Brien that any claim that the account was a convenience account could be countered in several ways, including a written statement by the decedent clearly reflecting his intent, by the decedent amending the will, or by changing title to the bank accounts back to the decedent’s name alone and giving the respondent “a power of attorney over the account.” In opposition to the petition, the respondent annexes sworn statements of friends and neighbors, as well as an affirmation by O’Brien, contending that the decedent was fully competent at the time he executed the POA and intended to make the transfers to the respondent.
In support of this motion, the respondent asserts that the decedent sought assistance from his friend O’Brien in connection with transferring assets to her in the simplest manner and O’Brien contacted the petitioner who advised O’Brien that the *409 decedent could open a joint bank account. As a result, she contends that the petitioner will be a necessary trial witness and must be disqualified based upon the advocate-witness rule. The petitioner counters that: (1) he has an absolute right to represent himself in his capacity as executor, and (2) the respondent is barred from revealing any communications between the decedent and O’Brien due to the attorney-client privilege. The respondent replies that: (1) the petitioner is not representing himself pro se as a litigant and, instead, is representing himself as executor of an estate, a separate legal entity; (2) the attorney-client privilege is not applicable because the decedent asked O’Brien, as a friend, to obtain information from the decedent’s own attorney, the petitioner; and (3) in any event, at trial, she intends to offer only the communications between O’Brien and the petitioner, not confidential communications between O’Brien and the decedent.
Disqualification of an attorney during litigation implicates not only the ethics of the profession, but also the substantive rights of the litigants, as it denies to those litigants the right to representation by the attorney of their choice (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]). Although neither the right to counsel of choice nor the right to represent oneself is absolute, any restrictions thereon will be carefully scrutinized and will be overridden only where a competing, compelling public policy reason exists (id.; Matter of Abrams [John Anonymous], 62 NY2d 183, 196 [1984]). Consequently, disqualification will not be ordered under the advocate-witness rule absent a demonstration that the testimony of the attorney will be necessary (Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]; S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 445-446). Furthermore, “[m] embers of the bar have, like all litigants, a right to select their own counsel” (Oppenheim v Azriliant, 89 AD2d 522, 522 [1982] [quoting Bottaro v Hatton Assoc., 680 F2d 895, 897 (1982)], appeal dismissed 57 NY2d 955 [1982]). Accordingly, where attorneys are themselves parties to litigation, including litigation involving a partnership of which the attorney is a partner, the right of litigants to represent themselves usually trumps disqualification under the advocate-witness rule with the result that attorney litigants may represent themselves pro se, as well as the partnerships of which they are members, notwithstanding that they will testify at the trial (Old Saratoga Sq. Partnership v Compton, 19 AD3d 823, 825 [2005]; Walker & Bailey v We Try Harder, 123 AD2d 256 [1986]).
*410 The right of attorneys to represent themselves, individually, at trials where they will testify is a narrow exception to the strong public policy requiring disqualification under the advocate-witness rule because, generally, “the roles of an advocate and of a witness are inconsistent” making it “ ‘unseemly’ for a lawyer in a trial also to argue his own credibility as a witness” (S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 444). Thus, where an attorney, the sole shareholder of a close corporation, sought to both represent the corporation and testify at the trial, the court, in weighing the competing public policies of the right to pro se representation and disqualification under the advocate-witness rule, determined that disqualification was necessary because the attorney was representing a separate legal entity, the corporation, and not herself, individually, pro se (Gasoline Expwy v Sun Oil Co. of Pa., 64 AD2d 647 [1978], affd 47 NY2d 847 [1979]).
The narrow holding in Grasso v General Motors Corp. (101 Misc 2d 140 [1979]) is that the attorney-executor could represent himself in his capacity as the executor in an action for the decedent’s conscious pain and suffering and wrongful death because there was no showing that the attorney’s testimony at trial would be necessary. However, in dicta, the Grasso court did opine that the facts of the case sub judice were distinguishable from those in Gasoline Expwy v Sun Oil Co. of Pa. (64 AD2d at 647) because “the plaintiff appears pro se in this action” (101 Misc 2d at 142). To the extent, if any, that Grasso, in distinguishing Gasoline Expwy (64 AD2d at 647), can be interpreted as precedent for the proposition that attorneys representing themselves as personal representatives of estates have the same right to represent themselves pro se as they have as individual litigants, this court respectfully disagrees for the reasons stated below.
Estates differ from corporations in that they are not recognized as separate legal entities (see SCPA 103 [19]; EPTL 1-2.6). However, fiduciaries of estates, unlike partners, are in the same position as those who act on behalf of corporations in that they are not individually liable on contracts entered into in their fiduciary capacities unless they fail to reveal that they are acting in that capacity (EPTL 11-4.7 [a]). Furthermore, estates cannot sue or be sued in their own name and, instead, appear as parties in litigation only through their personal representatives (EPTL 11-4.1).
Wrongful death actions clearly illustrate that personal representatives of estates are parties to litigation only in their *411 representative capacity and not individually. Specifically, although the personal representative of an estate is the only party who may commence a wrongful death action (EPTL 5-4.1), the damages recovered are solely for the benefit of the decedent’s distributees to compensate them for their pecuniary loss (EPTL 5-4.4 [a]). It is inconceivable that a personal representative who is neither an attorney nor sole distributee would be permitted to prosecute the wrongful death action pro se. Regardless of whether there is truth to the adage that persons who represent themselves have fools for clients, individuals have a right to represent themselves because it is their own individual liberty or property interests that are the subject of the litigation. However, this right may not be extended to nonattorney, nondistributee personal representatives, because it is the interests of decedents’ widows and orphans, rather than their own, that are at stake. To allow such personal representatives to represent themselves pro se in their fiduciary capacity would not only violate the proscription against practicing law without a license, but would also jeopardize the rights of the widow and orphans seeking to recover for the pecuniary loss they incurred as a result of the decedent’s wrongful death.
Research has failed to reveal any reported cases in this jurisdiction which specifically address whether fiduciaries of estates have the same right to represent themselves in their fiduciary capacities as they do individually. However, this issue was addressed by the Court of Appeals of Ohio, Tenth Appellate District, Franklin County, in Heath v Teich (2007 WL 1501727, 2007 Ohio App LEXIS 2336 [May 24, 2007]), in the context of whether a nonlawyer administrator of an estate could represent herself both individually and as administrator on appeal from a judgment in favor of the defendant in a wrongful death action. The administrator was the decedent’s mother. The administrator, individually, and her two infant children were the parties entitled to share in any recovery obtained in the action. The court held that even though the administrator was not an attorney, pursuant to her right to self-representation, she could represent herself individually. However, as a nonlawyer, she had no right to represent herself, pro se, in her capacity as the administrator of the estate, because the interests of her children were at stake. The court, quoting from precedents, reasoned that although title to the decedent’s personal property vested in the decedent’s personal representative to facilitate the distribution of the property to the beneficiaries of the estate, *412 this did not change the fact that the personal representative is “merely a nominal party” to the litigation while “the real parties in interest” are the estate’s beneficiaries (Heath, 2007 WL 1501727, *3, 2007 Ohio App LEXIS 2336, *7). The court also noted that previously it held that “[a] trust, like a corporation, cannot act on its own behalf but, instead, must act through an individual” and, consequently, the right of individuals to represent themselves is not extended to “parties who are not natural persons,” such as trustees in their fiduciary capacities (Heath, 2007 WL 1501727, *2, 2007 Ohio App LEXIS 2336, *6).
The court finds the reasoning of the Heath court compelling. Weighing the public policy reasons for disqualification of an attorney under the advocate-witness rule against the public policy reasons for granting parties the right to self-representation, the former must prevail where the attorney is not a party, individually, but instead, is a party as the personal representative of an estate. The obvious rationale for the right to self-representation is that litigants have a right to advocate on their own behalf where their own freedom or property interests are at stake. Here, the petitioner has no such interests at stake. The fact that the attorney-executor would receive a larger statutory commission should the estate prevail in this proceeding is not the type of direct financial interest that attorneys must have as litigants in order to represent themselves notwithstanding that they will testify at the trial. No attorney would ever be disqualified under the advocate-witness rule if they were permitted to argue that they will incur a direct financial loss due to lost fees.
Clearly, the petitioner’s financial interest in the outcome of the litigation is more remote than the interest of the sole shareholder of a close corporation (see e.g. Gasoline Expwy v Sun Oil Co. of Pa., 64 AD2d at 647). Personal representatives of estates and attorneys are similar in that attorneys represent the legal interests of their clients and personal representatives of estates represent the financial or other interests of parties interested in the estates. Thus, it would be an anomaly to hold that the petitioner can dodge disqualification under the advocate-witness rule because he is asserting his right to self-representation in a proceeding where, as the personal representative of the estate, his self-interests must be subordinated to the interests of the parties interested in the estate in the event of any conflict (Matter of Rothko, 43 NY2d 305, 319 [1977]). In short, the petitioner is representing the interests of the estate’s beneficiaries, rather than his own. Consequently, the court holds *413 that the petitioner is subject to disqualification under the advocate-witness rule. Of course, the same result may not occur where the attorney-fiduciary is the sole beneficiary of the estate or where a surcharge is being sought against the attorney-fiduciary in an accounting or other proceeding.
The petitioner’s contention that he should not be disqualified because he cannot be called as a witness due to the attorney-client privilege is not persuasive. Recent cases hold that just as clients may waive the privilege during their lifetime if they deem it to be in their best interests, personal representatives may also waive the privilege in the interest of decedents’ estates (Matter of Bassin, 28 AD 3d 549 [2006]; Matter of Johnson, 7 AD3d 959 [2004], lv denied 3 NY3d 606 [2004]; Mayorga v Tate, 302 AD2d 11, 18-19 [2002]). Here, to the extent, if any, that the e-mails between the petitioner and O’Brien are subject to the attorney-client privilege, the petitioner clearly waived the privilege by attaching them to his petition in this proceeding. The subject matter of the e-mails is clearly relevant to the issues raised in this proceeding and the testimony of the petitioner, who sent the e-mails, is necessary.
For the foregoing reasons, this constitutes the decision and order of the court granting the motion to the extent that the petitioner is disqualified from representing himself as the executor of the estate at trial (compare Matter of Giantasio, 173 Misc 2d 100 [1997], with Matter of O'Malley, 141 Misc 2d 863 [1988]).