■ In the Matter of LIVINGSTON MANDEL DEANS, Deceased. FELIPE ORNER, Appellant et al., Petitioner. BRANDON DEANS, Respondent, et al., Respondents. [939 NYS2d 493]—

As noted in our previous decision regarding the Estate of Livingston Mandel Deans (*see Real Spec Ventures, LLC v Estate of Livingston Mandel Deans*, 87 AD3d 1000 [2011]), the decedent, Livingston Mandel Deans (hereinafter the decedent), died intestate in 2001, survived by his adult daughter Jacklyn Deans, his now-adult son Brandon Deans, and his second wife, Sharon Deans, all of whom are the beneficiaries of the decedent's estate under the provisions of the Estates, Powers and Trusts Law (*see Matter of Deans*, 68 AD3d 767 [2009]).

The assets of the estate included a one-third interest in a commercial property in Queens (hereinafter the property), which the decedent purchased in 1991, with his father and

Sharon each also acquiring a one-third interest as tenants-in-common with the decedent. Although Sharon and her attorney were appointed to serve as the coadministrators of the estate, their letters of administration were revoked in 2005, based on Sharon's misconduct in mortgaging the property and obtaining the proceeds of the related $370,000 mortgage loan by means of forgery and fraud (id.).

Jacklyn and her attorney, Felipe Orner, also known as Philip Orner (hereinafter the appellant), replaced Sharon and her attorney as coadministrators of the estate. After receiving a settlement offer in a wrongful death action which Jacklyn and the appellant (hereinafter together the coadministrators) commenced in the Supreme Court against the hospital where the decedent died (hereinafter the wrongful death action), the coadministrators commenced this proceeding to settle and compromise the wrongful death action and judicially settle their joint interim account (hereinafter the account).

Brandon asserted objections to the account through his attorney and former guardian ad litem, William R. Greenspan. The objections, inter alia, contested the legal fees that the appellant charged the estate for the coadministrators' representation of the estate in the wrongful death action, and sought to impose a $600,000 surcharge on the coadministrators in the nature of damages, which Brandon alleged were the result of the appellant's communication, to a bidder at the auction sale of Sharon's interest in the property, that the bid was for a one-third interest in the property, rather than the entire property.

After Brandon testified at his deposition that he had no knowledge of the basis for the objections, and that Greenspan was his only source of knowledge, the coadministrators served a subpoena to compel Greenspan's deposition. Brandon moved to quash the subpoena and disqualify the appellant from representing himself and Jacklyn both under the advocate-witness rule, and based on an alleged conflict of interest between the coadministrators.

The coadministrators opposed the motion and cross-moved to compel Greenspan's compliance with the subpoena, disqualifying him from representing Brandon under the advocate-witness rule, and to impose costs and sanctions on Greenspan pursuant to 22 NYCRR 130-1.1.

The Surrogate erred in granting that branch of Brandon's motion which was to disqualify the appellant based on its blanket conclusion that a fiduciary of an estate does not have the same right to self-representation as he or she otherwise has in an individual capacity.

"A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (*Falk v Gallo*, 73 AD3d 685, 685-686 [2010]). Rule 3.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, in general, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." Nonetheless, a different result should obtain where, as here, an attorney is the fiduciary of an estate, he or she is accounting for his or her conduct in the unique circumstances of an accounting proceeding (*see Matter of Walsh*, 17 Misc 3d 407, 412 [2007]; *cf. Matter of DiSalvo*, NYLJ, May 9, 1997, 1997 NY Misc LEXIS 732 [Sur Ct 1997]), and the sole issue, in effect, is the conduct of the fiduciary. In this limited instance, a fiduciary's interest in the right of self-representation should prevail over the interests of the beneficiaries of the estate, as there is no prejudice to the estate, which is protected by the potential imposition of a personal surcharge against the fiduciary in the nature of damages if an objectant establishes that the fiduciary was negligent or caused the estate to suffer a loss (*cf. Matter of Donner*, 82 NY2d 574, 585 [1993]; *see* 2 Harris, New York Estates: Probate, Administration and Litigation §§ 28:156-28:158 [6th ed]).

The appellant's remaining contentions are without merit. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.