OPINION OF THE COURT
Lewis J. Lubell, J.
Plaintiff, Adam B. Levy, the District Attorney of Putnam County, brings this defamation action in his individual capacity against Donald B. Smith, the Sheriff of Putnam County, in his individual capacity, in connection with various public statements uttered by Smith about Levy’s alleged interference with Smith’s investigation and arrest of one Alexandra Ionut Hossu for the alleged 2010 rape of a then 12-year-old girl.
This motion by various nonparty witnesses (the nonparty witnesses) follows, among other things, Smith’s motion to dismiss (which by decision and order of Dec. 18, 2013, was granted in part and denied in part [42 Misc 3d 1228(A), 2013 NY Slip Op 52300(U) (Sup Ct, Putnam County 2013)]), a preliminary conference, and the commencement of the discovery stage of the action including the taking of Levy’s deposition by counsel to Smith. It directly relates to the issuance by Levy’s counsel, Michael H. Sussman, Esq., of nonparty deposition subpoenas to the nonparty witnesses, all of whom are current employees of nonparty Putnam County Sheriffs Department, and Sussman’s declaration thereafter that Levy filed a notice of appearance and would be questioning the nonparty witnesses himself.*
The nonparty witnesses direct the court’s attention to that portion of Levy’s deposition where he testified, “Back in December of 2012[,] we had opened an investigation with the US Attorney’s office regarding [Smith] and the—his association with Guy Gentile” and that said investigation was still ongoing with his office. No further inquiry was made of the issue during Levy’s deposition because Levy invoked his “law enforcement privilege” based upon an “ongoing investigation.” Consequently, the nonparty witnesses assert that they have no further information about the nature and scope of the investigation and if any of the nonparty witnesses are the subject of the investigation or are potential witnesses. Upon “information and belief,” *856 however, “reliable sources have advised the Sheriffs Department that District Attorney Levy . . . intends to obtain Grand Jury indictments against some of the [nonparty witnesses]” (affirmation of Lewis R. Silverman, Esq., dated Sept. 17, 2014).
Against this background, the nonparty witnesses argue that Levy, as the sitting District Attorney of Putnam County, should not be able to use his personal civil lawsuit to further his prosecutorial duties or personal goals. As such, they seek to preclude Levy from performing the actual questioning of the nonparty witnesses. Upon review of the submissions, the court is not persuaded that their concerns are well founded.
In addition, the nonparty witnesses’ reliance on section 700 (8) of the County Law as statutory authority prohibiting Levy, as the District Attorney, from engaging in the practice of law is misplaced. County Law § 700 (8) only applies to the “district attorney of a county having a population of more than one hundred thousand according to the last federal census,” which is not the case with Putnam County.
The court also rejects the nonparty witnesses’ argument that Levy’s “dual role” as an advocate and as public officer “charged with the duty ... to see that justice is done” (People v Pelchat, 62 NY2d 97, 105 [1984]) bars him from performing the questioning of the nonparty witnesses. Such a position would just as much preclude a sitting prosecutor from prosecuting a personal civil action through counsel, as it would were he proceeding pro se.
Generally, one who represents himself or herself in a civil action cannot be said to be practicing law within its ordinary meaning of any such prohibition, and the nonparty witnesses have not shown any viable basis or authority upon which this court should herein rule otherwise. With several exceptions not here present, section 321 (a) of the CPLR expressly allows a party to prosecute or defend a civil action in person. Generally, “[t]his statutory right does not exclude attorneys” (Koger v Weber, 116 Misc 2d 726, 728 [Sup Ct, NY County 1982]; cf. Grasso v General Motors Corp., 101 Misc 2d 140 [Sup Ct, Schenectady County 1979]) and the nonparty witnesses have not established a valid basis to treat Levy any differently simply because he is the District Attorney of Putnam County.
Whether or not Levy’s self-representation is somehow violative of his time commitment to the County of Putnam is not relevant to the court’s determination, although that might be a matter for the County Attorney or County Legislature to ad *857 dress in some other forum and in some other way or, at the very least, within the context of a different action.
In short, Levy may prosecute a civil suit on his own behalf, including the taking of witness depositions as he seeks to do here. The nonparty witnesses’ concern that Levy is using this personal civil action as a ruse to elicit incriminating statements intended to be used in a criminal action or simply to advance his own political goals is speculative and ill-supported. In any event, Levy, through Sussman, attests that Levy’s communication with other branches of law enforcement dealt with an ongoing investigation of Smith, whom Levy does not intend to depose.
Having appeared through counsel in this action, Levy may not act in person except by consent of the court (CPLR 321) which, based upon the papers currently before it and for the reasons hereinabove indicated, the court grants to the extent of permitting Levy to make inquiry during the depositions of the nonparty witnesses. Whether being questioned by Levy or Suss-man, the nonparty witnesses enjoy their Fifth Amendment privilege against self-incrimination.

 The nonparty witnesses note that Levy’s notice of appearance lists the office address of an attorney Unrelated to this case, and not Levy’s home or office address.