Greenberg v Grace Plaza Nursing & Rehabilitation Ctr. (2019 NY Slip Op 05390)





Greenberg v Grace Plaza Nursing & Rehabilitation Ctr.


2019 NY Slip Op 05390


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-04755
 (Index No. 13853/11)

[*1]Calman Greenberg, etc., appellant, 
v
Grace Plaza Nursing & Rehabilitation Center, et al., respondents.


Calman Greenberg, Bronx, NY, for appellant.
Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Jacqueline Mandell and Rebecca A. Barrett of counsel), for respondents Grace Plaza Nursing & Rehabilitation Center, Pinegrove Manor II, LLC, and Sentosacare, LLC.
Law Office of Benvenuto & Slattery (Rubin Sheeley Paterniti Gonzalez Kaufman, LLP, New York, NY [James W. Tuffin], of counsel), for respondent Myles E. Gombert.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered January 24, 2017. The order granted the motion of the defendant Myles E. Gombert, and the separate motion of the defendants Grace Plaza Nursing & Rehabilitation Center, Pinegrove Manor II, LLC, and Sentosacare, LLC, pursuant to CPLR 3211(a)(3) and (7) to dismiss the complaint insofar as asserted against each of them based upon the plaintiff's lack of capacity to maintain the action, to the extent of disqualifying the plaintiff as the counsel for the Estate of Ruth Greenberg.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the respondents' motions are denied.
The plaintiff, as the administrator of the estate of Ruth Greenberg, commenced this action to recover damages for the wrongful death of the decedent. The plaintiff, an attorney, is the decedent's son and one of two distributees of the estate. He is also counsel for the estate in this wrongful death action. Based on the plaintiff's bills of particulars, which identified the plaintiff as one of three witnesses to the alleged medical malpractice which allegedly caused the decedent's death, the defendant Myles E. Gombert moved, and the remaining defendants separately moved, to dismiss the complaint on the ground that the advocate-witness rule barred the plaintiff from acting as counsel to the estate. By order entered January 24, 2017, the Supreme Court granted the motions to the extent of disqualifying the plaintiff as the counsel for the estate. The plaintiff appeals.
The disqualification of an attorney is a matter which rests within the sound discretion of the court (see Matter of Rovner v Rantzer, 145 AD3d 1016, 1016). "A party's entitlement to be [*2]represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Falk v Gallo, 73 AD3d 685, 685-686). On a motion to disqualify an attorney, the burden of making such a showing is on the moving party (see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 440; Lombardi v Lombardi, 164 AD3d 665, 667).
The advocate-witness rules contained in the Rules of Professional Conduct (22 NYCRR 1200.0) provide guidance, but are not binding authority, for the courts in determining whether a party's attorney should be disqualified during litigation (see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d at 440; Falk v Gallo, 73 AD3d at 686). Rule 3.7(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, in general, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." There is an exception to this rule when "disqualification of the lawyer would work substantial hardship on the client" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7[a][3]). Further, the advocate-witness rule generally does not control where the attorney is also a litigant (see Herczl v Feinsilver, 153 AD3d 1336, 1337; Old Saratoga Sq. Partnership v Compton, 19 AD3d 823, 824; Walker & Bailey v We Try Harder, 123 AD2d 256, 257). However, estate representatives represent the interests of the estate's beneficiaries, rather than their own. Therefore, generally, the advocate-witness rule will prevail over a fiduciary-attorney's right to self-representation (see Matter of Walsh, 17 Misc 3d 407, 412 [Sur Ct, Bronx County]; cf. Matter of Deans, 92 AD3d 879, 881).
Here, the other distributee affirmed that his interests in the lawsuit are identical to those of the plaintiff, whom he wished would remain as attorney for the estate. Accordingly, while the plaintiff is not a party in his individual capacity, his personal property interests as one of two distributees of the estate are at stake (see EPTL 5-4.4[a]; cf. Matter of Walsh, 17 Misc 3d at 412), and his interests appear to be identical to those of the estate (see Omansky v Bermont Holdings Ltd., 15 Misc 3d 11, 12 [App Term 1st Dept]; F & R Holding Corp. v Roffe Accessories Inc., 2009 NY Slip Op 30855[U] [Sup Ct, Queens County]). Furthermore, the plaintiff affirmed that his attempt to retain different counsel for the estate was unsuccessful, such that his disqualification as counsel would essentially foreclose the claim, working substantial hardship on the estate and its distributees (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7[a][3]; Regional Radio Group, LLC v Bailey, 58 Misc 3d 1230[A], 2018 NY Slip Op 50326[U] [Sup Ct, Warren County]). Even assuming that the plaintiff's testimony is necessary to the defendants' cases (see Dishi v Federal Ins. Co., 112 AD3d 484, 484), under the particular circumstances present here, we conclude that disqualification of the plaintiff was unwarranted. Accordingly, the Supreme Court improvidently exercised its discretion in disqualifying the plaintiff as counsel to the estate in this litigation, and the court should have denied the defendants' motions.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court