Alaina Simone Inc. v Madden (2021 NY Slip Op 07497)





Alaina Simone Inc. v Madden


2021 NY Slip Op 07497


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 158106/18 Appeal No. 14914-14914A Case No. 2021-00308, 2021-00309 

[*1]Alaina Simone Incorporated et al., Plaintiffs-Appellants,
v
Waverly Madden etc., et al., Defendants-Respondents. 


Stropheus LLC, New York (Stuart Weichsel of counsel), for appellants.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about August 13, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion under CPLR 3211(a)(8) and (c) insofar as dismissing plaintiffs' cause of action for violation of the Fair Labor Standards Act (FLSA), unanimously affirmed. Order, same court and Justice, entered or about May 4, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for an order under CPLR 321 directing defendant Waverley Madden (Madden), in her capacity as executor of the estate of Tamara Natalie Madden, to retain licensed counsel to represent the estate or, in the event she failed to do so, finding the estate in default, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent with this decision.
The motion court properly dismissed plaintiffs' FLSA claims pursuant to CPLR 3211 on the ground that the complaint is devoid of factual allegations showing that Madden was the employer of the workers used by plaintiff Alaina Simone Incorporated (ASI) in sorting and handling the artwork in the estate's possession in Georgia (29 USC § 203[d]; see Herman v RSR Security Servs., Ltd., 172 F3d 132, 139 [2d Cir 1990]; cf. Moses v Griffin Indus., LLC, 369 F Supp 3d 538 [SD NY 2019]). Plaintiffs' complaint contains only conclusory allegations that Madden actually employed the plaintiff-employees and ASI merely acted as the paying agent. However, these allegations are insufficient to support plaintiffs' claim of FLSA violations (see Gunawan v Sake Sushi Rest., 897 F Supp 2d 76, 85 [ED NY 2012]). Furthermore, Madden individually had standing to move to dismiss the FLSA claims, as plaintiffs asserted in their motion papers that she could be held liable individually as an employer, and the same basis for dismissal of the FLSA claims against Madden also supports dismissal of the claims against her as executor of the estate.
Madden was also entitled to summary judgment dismissing the FLSA claims. In support of her motion, Madden averred that she did not know any of the employees retained by ASI in Georgia and was never involved in their hiring or in setting the terms of their employment and working hours. In opposition, plaintiffs failed to submit evidence sufficient to raise an issue of fact as to whether Madden was the employer of the employees retained by ASI in Georgia.
However, the motion court should have granted plaintiffs' motion seeking to require Madden to retain licensed counsel to represent the estate. Although CPLR 321(a) does not address whether an estate is permitted to represent itself, courts have concluded that, in matters involving claims brought against an estate, estate representatives cannot act pro se because their own individual liberty or property interests are not involved. Rather, the interests belong to the estate beneficiaries (see Matter of Walsh, 17 Misc 3d 407, [*2]411-412 [Sur Ct, Bronx County 2007]; see also Guest v Hansen, 603 F3d 15, 20 [2d Cir 2010] [interpreting New York Law]; Greenberg v Grace Plaza Nursing and Rehabilitation Ctr., 174 AD3d 510, 511 [2d Dept 2019]). 
On remand, the motion court may determine, with respect to the breach of contract claim, whether to direct the estate to retain counsel to appear within 60 days of notice of entry or be held in default, and whether transfer of the matter to Civil Court, Small Claims Court would be appropriate (CPLR 325[d]; see New York City Civil Court Act § 1815, 1809-A).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021