Martins v Memorial Sloan Kettering Cancer Ctr. (2023 NY Slip Op 01944)

Martins v Memorial Sloan Kettering Cancer Ctr.

2023 NY Slip Op 01944

Decided on April 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 13, 2023

Before: Renwick, A.P.J., Moulton, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 805316/19 Appeal No. 30-31 Case No. 2022-00347 2022-00363 

[*1]Barbara S. Martins, Individually and as Administrator of the Estate of Daniel V. Martins, Plaintiff-Appellant,
v
Memorial Sloan Kettering Cancer Center et al., Defendants-Respondents. 

Barbara S. Martins, appellant pro se.
Kaufman Borgeest & Ryan LLP, Garden City (Jaqueline Mandell of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered December 23, 2021, which, upon granting defendants' motion to reargue its prior motion to dismiss the complaint, granted their motion to dismiss the complaint in accordance with CPLR 3211(a)(3), unanimously affirmed, without costs. Order, same court and Justice, entered on or about December 23, 2021, which denied plaintiff administrator's cross motion to amend her bill of particulars, unanimously affirmed, without costs.
Plaintiff, who is not an attorney, is barred under Judiciary Law § 478 from appearing pro se on behalf of the estate (CPLR 321[1]; see Alaina Simone Inc. v Madden, 200 AD3d 589, 590 [1st Dept 2021]; cf. Matter of Walsh, 17 Misc 3d 407, 412-413 [Sur Ct, Bronx County 2007]). Although an administrator who is the sole beneficiary of an estate that has no creditors may act pro se, plaintiff did not demonstrate that these conditions were satisfied, or that they could be (see Guest v Hansen, 603 F3d 15, 17 [2d Cir 2010]). Although plaintiff submitted renunciations signed by the three other beneficiaries, they were ineffective since they were not filed within nine months of decedent's death with the clerk of the Surrogate's Court, which issued the letters of administration (EPTL 2-1.11[c][2]). Moreover, the affidavit of one of the beneficiaries was not notarized. Under the circumstances, dismissal of the complaint rendered academic plaintiff's motion to amend her bills of particulars.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2023