Martins v Liu (2023 NY Slip Op 02506)

Martins v Liu

2023 NY Slip Op 02506

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-04309 
2020-04310
2020-06149
 (Index No. 70348/19)

[*1]Barbara S. Martins, appellant, 
v
Delong Liu, etc., respondent, et al., defendants.

Barbara S. Martins, New Milford, Connecticut, appellant pro se.
Benevenuto & Slattery, Roslyn, NY (Caitlyn Vetter Yohe of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 12, 2020, (2) an order of the same court also dated May 12, 2020, and (3) a judgment of the same court dated July 7, 2020. The first order granted the motion of the defendant Delong Liu to dismiss the complaint insofar as asserted against him. The second order denied, as academic, the plaintiff's motion "for a jury trial" and for an extension of time to serve a bill of particulars. The judgment, upon the first order, dismissed the complaint insofar as asserted against the defendant DeLong Liu.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant DeLong Liu.
The plaintiff, appearing pro se, commenced this action in her capacity as the administrator of her deceased husband's estate against, among others, Delong Liu. The complaint sought to recover damages for medical malpractice, negligence, and wrongful death relating to Liu's care and treatment of the decedent. Liu moved to dismiss the complaint insofar as asserted against him, arguing, among other things, that the plaintiff's purported representation of the estate constituted the unauthorized practice of law. The plaintiff opposed Liu's motion and moved "for a jury trial" and for an extension of time to serve a bill of particulars.
In an order dated May 12, 2020, the Supreme Court granted Liu's motion to dismiss the complaint insofar as asserted against him. In a second order of the same date, the court denied the plaintiff's motion as academic in light of the first order. In a judgment dated July 7, 2020, the court dismissed the complaint insofar as asserted against Liu. The plaintiff appeals from both orders and the judgment.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). [*2]The issues raised on the appeal from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The Judiciary Law provides that it is "unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself or herself in a court of record in this state . . . without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state" (Judiciary Law § 478; see Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370). Since "a person ordinarily may not appear pro se in the cause of another person or entity" (Pridgen v Andresen, 113 F3d 391, 393 [2d Cir]), and the administrator of an estate represents "the interests of the estate's beneficiaries" (Matter of Walsh, 17 Misc 3d 407, 412 [Sur Ct, Bronx County]), an administrator of an estate may not appear pro se on behalf of the estate (see Alaina Simone Inc. v Madden, 200 AD3d 589, 590; Matter of Walsh, 17 Misc 3d at 410-413; Pridgen v Andresen, 113 F3d at 393). An exception to this general rule exists where the administrator is the sole beneficiary of the estate and the estate has no creditors, since, under those circumstances, the administrator is the only party affected by the disposition of the action, and thus the administrator is appearing solely on his or her own behalf (see Guest v Hansen, 603 F3d 15, 20-21 [2d Cir]; Tanami v LaSala, 2012 NY Slip Op 33483[U] [Sup Ct, NY County]). Accordingly, if an estate administrator is not the sole beneficiary of the estate, or there are nonparty creditors of the estate, the estate is required to be represented by counsel, and the estate's failure to appear by an attorney requires dismissal of the complaint (see Moran v Hurst, 32 AD3d 909, 910; Cinderella Holding Corp. v Calvert Ins. Co., 265 AD2d 444; see also Hilton Apothecary v State of New York, 89 NY2d 1024).
Here, the plaintiff commenced this action pro se, in her capacity as the administrator of the decedent's estate. However, the record indicates that she is not the sole beneficiary of the estate. Under these circumstances, the Supreme Court correctly determined that it is impermissible for the plaintiff, acting pro se, to represent the decedent's estate in an action to recover damages for wrongful death and personal injuries (see Martins v Memorial Sloan Kettering Cancer Ctr., 2021 NY Slip Op 32951[U] [Sup Ct, NY County]). Accordingly, the court properly granted Liu's motion to dismiss the complaint insofar as asserted against him (see Tanami v LaSala, 2012 NY Slip Op 33483[U]), and properly denied, as academic, the plaintiff's motion "for a jury trial" and for an extension of time to serve a bill of particulars.
In light of the foregoing determination, we need not reach Liu's remaining contention.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court