Menkes v Beth Abraham Health Servs. (2026 NY Slip Op 00977)

Menkes v Beth Abraham Health Servs.

2026 NY Slip Op 00977

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, JJ. 

Index No. 29302/02|Appeal No. 5898-5899 5900|Case No. 2025-05014 2025-03486 2025-03596|

[*1]Sheryl Menkes, Plaintiff-Appellant/Respondent,
vBeth Abraham Health Services, Defendant-Respondent/Appellant. 

Menkes Law Firm, New York (Sheryl R. Menkes of counsel), appellant/respondent.
Mauro Lilling NaParty LLP, Woodbury (Melissa A. Danowski of counsel), for respondent/appellant.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about August 13, 2025, which, insofar as appealed from, denied defendant's motion to preclude plaintiff Sheryl Menkes from pro se representation of the Estate of Dita Menkes, to dismiss the action pursuant to CPLR 3216, and/or for sanctions pursuant to 22 NYCRR 130-1.1, unanimously affirmed, without costs. Orders, same court and Justice, entered on or about April 11, 2025, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to strike defendant's answer due to spoliation of evidence and fraud upon the court, and denied plaintiff's motion to disqualify defense counsel Neil B. Ptashnik and his firm from acting as counsel in this matter, unanimously affirmed, without costs.
In denying defendant's disqualification motion, Supreme Court providently exercised its discretion in declining to restrict Menkes from representing the Estate other than at trial (see e.g. Matter of Rovner v Rantzer, 145 AD3d 1016, 1016 [2d Dept 2016]).
In 2015, the Supreme Court ordered, on Menkes's consent, that she would be precluded from acting as pro se counsel at trial for the Estate given that she was to serve as a fact witness. For the last ten years, Menkes, without objection from defendant or the Estate's other beneficiaries, has continued to make various filings as the pro se representative of the Estate. Separate trial counsel has been retained for the upcoming trial.
Defendant's reliance on cases barring a non-attorney administrator from representing an estate where there are other beneficiaries is misplaced (see e.g. Martins v Memorial Sloan Kettering Cancer Ctr., 215 AD3d 474, 475 [1st Dept 2023]; Alaina Simone Inc. v Madden, 200 AD3d 589, 590-591 [1st Dept 2021]; see also Martins v Liu, 216 AD3d 762, 763 [2d Dept 2023]). These cases concern the prohibition of appearances by non-attorneys on behalf of others (see e.g. Guest v Hansen, 603 F3d 15, 20 [2d Cir 2010]). Thus, the restrictions on pro se representation of an estate do not apply to Menkes, a licensed attorney specializing in the area of nursing home abuse litigation, even where the Estate has other beneficiaries (id.).
The court properly denied plaintiff's motion to strike defendant's answer due to spoliation of evidence and fraud upon the court. Plaintiff has not adequately shown that due to defendant's alleged misconduct of withholding key wound culture evidence and its false attestations that such evidence did not exist, plaintiff has suffered and will suffer prejudice in these proceedings.
The court also properly denied the motion to disqualify defense counsel based on allegations of his prior and current personal abuse of and animus towards plaintiff (see Ferolito v Vultaggio, 99 AD3d 19, 27 [1st Dept 2012]). While the record confirms plaintiff's claims of acrimony and incivility, the failure to disqualify did not constitute an abuse of discretion (compare Smith v Rudolph, 151 AD3d 58, 63 [1st Dept 2017] [disqualification of counsel proper where "improprieties permeated the entire trial, in a continuing pattern of misconduct"]; Maraviglia v Lokshina, 92 AD3d 924, 924-925 [2d Dept 2012]).
For the reasons explained above, we also decline to dismiss plaintiff's appeals on the ground that Menkes lacked the proper authority to assert them on behalf of the Estate. Menkes, a licensed attorney, is properly representing the Estate in this action for all matters other than at trial. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026