■  ALLEN G. MILLER, Appellant, v GLANT SWEDISH METAL CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered on December 7, 1978, granting the motion of defendants Glant, Zacharias and Glants Jarn and Metallafar AB, to confirm the report of the Special Referee and to dismiss the complaint for lack of in personam jurisdiction and denying plaintiff's cross motion to disqualify defendant Ralph Keesing from acting as counsel for his codefendants, reversed, on the law, the motion by said defendants to confirm the Referee's report and to dismiss the complaint is denied and the cross motion by plaintiff to disqualify defendant Keesing from acting as counsel for the codefendants is granted, without costs and disbursements. In 1974, plaintiff entered into an employment agreement with defendant Glant Swedish Metal Corporation, a New York corporation. Defendant Keesing, a New York resident, is secretary of that corporation, while nonresident defendants Glant and Zacharias are president and vice-president, respectively. At the termination of that agreement, it is alleged that plaintiff continued in the corporate employ on an "at will" basis, being induced to do so on promises of greater profit-sharing. Plaintiff complains that despite representations and contractual commitments, he never received any profit-sharing for 1975 and 1976 and that, in effect, a fraud was practiced upon him. As the alleged culmination of this fraud, it is stated that the defendants conspired to cause transfer from the New York corporation to the individual defendants and the defendant foreign corporation of cash funds, thereby depleting the New York corporation and depriving plaintiff of his share of the profits. This was purportedly accomplished by defendant Keesing in mailing blank checks drawn on the New York corporation's account to Sweden at the direction of Glants and Zacharias. This eventuated in the Swedish corporation and the individual defendants obtaining funds without consideration. In personam jurisdiction was obtained over the nonresident defendants under CPLR 302 in that: (1) the employment agreement was originally negotiated in New York between plaintiff and the individual defendants (CPLR 302, subd [a], par 1), (2) the nonresident

defendants through Keesing as their agent purportedly transferred assets of Glant Swedish Metal Corporation in a fraudulent endeavor to defeat plaintiff's claim as a creditor employee (CPLR 302, subd [a], par 2) and (3) they allegedly committed tortious acts in Sweden causing injury within this State while engaging in a persistent course of conduct and deriving substantial revenue from commerce in this State (CPLR 302, subd [a], par 3). The testimony of defendant Keesing, a party to this action in his individual capacity, will obviously be of primary importance. On that basis, the plaintiff moves to disqualify said defendant as counsel for the other defendants and thereby avoid the prejudice inherent in the inconsistent roles of witness and advocate. While said defendant may continue to represent himself, the salutary goal of remedying the prejudice inherent in his dual role as respects the plaintiff's claims against the other defendants warrants such disqualification (see *Tru-Bite Labs v Ashman*, 54 AD2d 345; *Gasoline Expressway v Sun Oil Co. of Pa.*, 64 AD2d 647). Concur—Birns, J. P., Fein, Bloom, Lupiano and Yesawich, JJ.