■ RICHARD RUSSO, an Infant, by VICTOR RUSSO, His Parent and Natural Guardian, et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant. — Judgment, Supreme Court, Bronx County (Miller, J.), entered on December 9, 1980, unanimously modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff Victor Russo; a new trial ordered only on the issue of damages awarded to said plaintiff, without costs and without disbursements; and said judgment is otherwise affirmed, unless plaintiff Victor Russo, within 20 days after service upon him of a copy of the order to be entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $10,000 and to the entry of an amended judgment in accordance therewith. If plaintiff Victor Russo so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages awarded to Victor Russo, appear to us to be excessive to the extent indicated. Concur — Kupferman, J. P., Sullivan, Markewich, Silverman and Asch, JJ.

■ JERRY OPPENHEIM, Appellant, v SIDNEY W. AZRILIANT et al., Respondents. — Order, Supreme Court, New York County (Katz, J.), entered February 23, 1981, granting defendants' motion to disqualify the attorney plaintiff Oppenheim, the law firm of Oppenheim & Macnow, P. C., a partner of that firm Howard A. Rosenstein, or any other member of that firm from representing plaintiff in the prosecution of this action, reversed, on the law, to the extent appealed from and the motion for disqualification denied, without costs or disbursements. The appeal from the order of the same court and Justice, entered May 29, 1981, denying plaintiff's motion, denominated one to reargue and renew the prior motion, dismissed, without costs or disbursements, being deemed to have been a motion to reargue which is not appealable (*Dayon v Chemical Bank,* 45 AD2d 827). Plaintiff's action stems from his former relationship as a law partner of defendant Azriliant, first under the style of Oppenheim and Azriliant, then as Oppenheim and Azriliant, P. C. Rosenstein was an associate in that firm. Oppenheim left the firm and formed Oppenheim and Macnow. Rosenstein also left and became a partner in Oppenheim and Macnow. Plaintiff Oppenheim is entitled to represent himself (*Miller v Glant Swedish Metal Corp.,* 72 AD2d 520; cf. *Gasoline Expwy v Sun Oil Co. of Pa.,* 64 AD2d 647, affd 47 NY2d 847). "Members of the bar have, like all litigants, a right to select their own counsel. While the right may not be absolute, it can be overridden only where compelling reasons exist" (*Bottaro v Hatton Assoc.,* 680 F2d 895, 897). No compelling reasons are shown here. Anything Rosenstein may have learned in his work for Azriliant in the firm of Oppenheim and Azriliant is not protected by any confidentiality from Azriliant's partner, Oppenheim. Nor does the prohibition against a lawyer or a member of his firm acting as counsel in a case in which the lawyer will be a witness (DR 5-101 [B]; DR 5-102) apply here. Since Oppenheim as himself a litigant may appear and testify, there is no reason why his firm, whose claimed disqualification is derivative from Oppenheim's claimed disqualification, should be under any greater disqualification than Oppenheim's. (*Bottaro v Hatton Assoc., supra.*) Concur — Sandler, J. P., Ross, Silverman, Bloom and Lynch, JJ.