■ SIDNEY W. AZRILIANT, Individually and as a Stockholder of OPPENHEIM & AZRILIANT, P. C., and on Behalf of All Others Similarly Situated and in the Right of OPPENHEIM & AZRILIANT, P. C., Appellant, v JERRY OPPENHEIM, Individually and as a Partner of OPPENHEIM & AZRILIANT, P. C., et al., Respondents. — Judgment of the Supreme Court, New York County (Grossman, J.), entered on May 14, 1982 which granted defendants' motion to dismiss the complaint and denied, as moot, the cross motion to disqualify defendants' counsel, is modified, on the law and facts, to the extent of dismissing all causes of action in the complaint other than the cause of action for an accounting as defined in the stipulation denying plaintiff's cross motion to disqualify defendants' counsel on the merits, and otherwise affirmed, without costs. The appeal from the order of the Supreme Court, New York County (Grossman, J.), entered April 28, 1982, is dismissed as subsumed in the appeal from the judgment, without costs. Pursuant to paragraph 26 (b) of the stipulation between the parties, dated March 23, 1979, plaintiff Azriliant, expressly

reserved his right to an accounting respecting fees received by Oppenheim or Oppenheim & Macnow, P. C., "earned for professional services rendered to former clients of Oppenheim & Azriliant, P.C. or Oppenheim and Azriliant, the partnership, during September 1, 1978, to April 1, 1979, whether said fees represent in whole or in part billings for time expended for such client prior to August 31, 1978, or represent billings for work performed by Oppenheim or Oppenheim & Macnow, P.C. during the aforesaid September 1, 1978, to April 1, 1979". Paragraph 36 of the stipulation states in pertinent part "[e]ach of the parties shall have the right to audit and examine or contest the various items of accounting and adjustment provided herein * * * In addition, each of the parties has various claims respecting the monies drawn * * * and, if unresolved, can present such claims * * * in any accounting proceeding to be instituted. If either of the parties desires to contest the accounting or commence litigation for any other purpose, such party shall notify the other party at least 48 hours in advance of his desire to make a joint application to Mr. Justice Egeth." Contrary to the conclusion reached by Special Term, paragraph 36 of the stipulation clearly contemplates the institution of an accounting procedure and permits plaintiff to assert the instant cause of action for an accounting without making prior application to the court. It is only where one of the parties desires to contest an item in such accounting or to commence litigation for a purpose other than the accounting that application to the court is required. In addition "performance or occurrence of a condition precedent in a contract need not be pleaded. A denial of performance or occurrence shall be made specifically and with particularity." (CPLR 3015, subd [a].) As the stipulation herein is a contract, any condition precedent must be raised by the defendants as an affirmative defense, although the burden of proof on said issue still belongs to plaintiff at trial. Plaintiff cross-moved to disqualify defendants' counsel, Howard Rosenstein, Esq., and his firm, Oppenheim & Macnow, P. C., on the ground that Rosenstein was for two years until late 1978, an associate employed by Oppenheim & Azriliant, P. C., and obtained confidential information thereby. However, in *Oppenheim v Azriliant* (89 AD2d 522), this court observed that "[a]nything Rosenstein may have learned in his work for Azriliant * * * is not protected by any confidentiality from Azriliant's partner, Oppenheim. Nor does the prohibition against a lawyer or a member of his firm acting as counsel in a case in which the lawyer will be a witness * * * apply here. Since Oppenheim as himself a litigant may appear and testify, there is no reason why his firm, whose claimed disqualification is derivative from Oppenheim's claimed disqualification, should be under any greater disqualification than Oppenheim's." Concur — Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.