■ WALKER & BAILEY et al., Respondents, v WE TRY HARDER, INC., et al., Appellants.—Order, Supreme Court, New York

County (Ethel Danzig, J.), entered February 6, 1986, which granted defendants' motion to disqualify plaintiffs from acting as trial counsel only to the extent of prohibiting the individual plaintiffs from examining each other as witnesses, and which directed that a member of the plaintiff law firm other than the individual plaintiffs conduct said examinations, unanimously reversed, on the law, without costs and disbursements, and the motion denied in its entirety.

The individual plaintiffs, practicing as a two-person law firm, contracted with defendants to lease two automobiles, which, sometime later, and, allegedly, without notice to plaintiffs, defendants repossessed in violation of the lease agreements. As a result, plaintiffs commenced this action alleging, *inter alia,* breach of contract and race discrimination. After a trial date had been set, defendants moved to disqualify the individual plaintiffs from acting as trial counsel on the ground that such representation would violate Code of Professional Responsibility DR 5-101, 5-102 since, as *pro se* litigants, they would be acting as both advocate and witness during trial. Special Term granted the motion to the extent of barring each of the individual plaintiffs from examining the other. This was error.

While the disciplinary rules preclude an attorney from acting as both witness and advocate in the same proceeding, the prohibition does not apply where, as here, the attorney is a litigant. *(Oppenheim v Azriliant,* 89 AD2d 522.) An attorney has the right, both statutory (CPLR 321 [a]) and constitutional (NY Const, art I, § 6), to represent himself. Although the right is not absolute, any restriction thereof must be carefully scrutinized *(Matter of Abrams [John Anonymous],* 62 NY2d 183, 196). No justification is shown here to warrant the drastic remedy of disqualifying the individual plaintiffs from proceeding *pro se.* Since each of them has the right to represent himself, no further prejudice to defendants would ensue if each were permitted to examine the other. Moreover, since a partnership is not a legal entity separate and apart from the individuals comprising it *(see, Matter of Great Lakes-Dunbar-Rochester v State Tax Commn.,* 102 AD2d 1), there is no ethical bar to the individual plaintiffs representing the plaintiff law firm.

The motion is denied in its entirety. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.