■ NAFTALI DEMBITZER et al., Respondents, v MORRIS CHERA et al., Appellants, et al., Defendants. [728 NYS2d 78] —In an action, *inter alia,* to enjoin the defendants Morris Chera, Sari Chera, and Kemmy Safdie from using and occupying the subject property, the defendants Morris Chera, Sari Chera, and Kemmy Safdie appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 11, 2000, which denied the motion of the defendant Morris Chera to disqualify the plaintiffs' attorneys, Zane and Rudofsky, from representing the plaintiffs in this action.

Ordered that the appeals by the defendants Sari Chera and Kemmy Safdie are dismissed, as those defendants are not aggrieved by the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the motion is granted; and it is further,

Ordered that all proceedings are stayed for 30 days after service upon the plaintiffs of a copy of this decision and order with notice of entry to provide the plaintiffs with an opportunity to hire new counsel; and it is further,

Ordered that the defendant Morris Chera is awarded one bill of costs.

The Supreme Court erred in applying the "substantial relationship" test in determining whether Zane and Rudofsky should be disqualified from representing the plaintiffs. That analysis pertains where counsel represents a party whose interests are adverse to the interests of a *former* client (*see,* Code of Professional Responsibility DR 5-108 [22 NYCRR 1200.27]). Here, the defendant Morris Chera (hereinafter Chera), demonstrated that Zane and Rudofsky had an *ongoing* attorney-client relationship with a partnership in which Chera

was a general partner, owning a 50% interest at the time they accepted employment representing the plaintiffs in this action. A partnership is generally not a separate entity existing independently of the persons who control it (see, Caplan v Caplan, 268 NY 445; Williams v Hartshorn, 296 NY 49) and thus, Zane and Rudofsky's obligation of "undivided loyalty" to its client was owed to Chera (Matter of Kelly, 23 NY2d 368, 375-376; see, Cinema 5 v Cinerama, Inc., 528 F2d 1384, 1386; Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]; Code of Professional Responsibility EC 5-1; Code of Professional Responsibility EC 5-14). The plaintiffs' attorneys failed to demonstrate the absence of any "actual or apparent conflict in loyalties or diminution in the vigor of * * * representation" (Cinema 5 v Cinerama, Inc., supra, at 1387) and, thus, they should be disqualified from further representation of the plaintiffs in this case against their own client. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.