■ STEVEN THALER, Respondent, v JACOBY & MEYERS LAW OFFICES et al., Appellants. [742 NYS2d 241] —Order, Supreme Court, New York County (Louis York, J.), entered December 6, 2001, which granted petitioner's application to disqualify attorneys, who have appeared against him in an arbitration proceeding, unanimously affirmed, with costs.

Petitioner, an attorney, commenced an arbitration to recover unpaid compensation allegedly owed by his former employers, respondents Jacoby & Meyers and several of its members. In the arbitration, respondents were represented by attorneys who concurrently represent petitioner and Jacoby & Meyers in their common defense of a pending legal malpractice action. In these circumstances, it was counsel's burden to show, not the absence of a substantial relationship between the arbitration proceeding and the malpractice action, but rather "the absence of any 'actual or apparent conflict in loyalties or diminution in the vigor of * * * representation' " (*Dembitzer v Chera,* 285 AD2d 525, 526, quoting *Cinema 5, Ltd. v Cinerama, Inc.,* 528 F2d 1384, 1387, and citing, inter alia, Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]; *see also, Abbondanza v Siegel,* 209 AD2d 1023). This counsel failed to do. It is not disputed that petitioner's competence as an attorney will be challenged in the arbitration proceeding, and the record does not support counsel's claim that petitioner's competence as an attorney is not an issue in the malpractice action. Counsel's representation of petitioner in the malpractice action will be affected if petitioner cannot openly and freely discuss with it matters that might reflect on his competence for fear that his confidences might be used against him in the arbitration (*see, Greene v Greene,* 47 NY2d 447, 451-452). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.