■ JOHN L. O'BRIEN, JR., et al., Appellants, v JERRY D. O'BRIEN, SR., et al., Respondents. [793 NYS2d 212]—

Crew III, J. Appeals (1) from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered April 6, 2004 in Broome County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered May 11, 2004 in Broome County, which denied plaintiffs' motion for reargument.

Plaintiffs and defendants Jerry D. O'Brien, Sr., Jack L. O'Brien and Joann L. Juliussen (hereinafter collectively referred to as the O'Brien defendants) previously were the minority and majority shareholders, respectively, of defendant Academe Paving, Inc. A bitter family dispute arose and, after litigating the value of Academe in a corporate dissolution proceeding, the parties entered into a settlement agreement, pursuant to the terms of which the O'Brien defendants would pay plaintiffs $3.2 million for their interest in Academe. In conjunction therewith, in December 2000, the O'Brien defendants executed a contingent note for $1 million in favor of plaintiffs payable "**ONLY** upon the voluntary sale, lease or other transfer of a majority interest

in Academe." If as of November 1, 2004 no such sale, lease or transfer had occurred, the contingent obligation would be extinguished.

By June 2002, Academe was in the midst of a severe financial crisis, prompting Manufacturers and Traders Trust Company (hereinafter M & T) to declare Academe to be in default on its outstanding loans and demand full repayment thereof. In lieu of foreclosing, M & T arranged a sale of Academe's assets to Tri-City Highway Products, Inc. in satisfaction of the outstanding loans.[1] Plaintiffs thereafter commenced this action alleging that the asset sale was, in essence, a transfer of a majority interest in Academe, thereby triggering payment of the O'Brien defendants' contingent obligation. Following joinder of issue and discovery, plaintiffs moved for further discovery and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and granted defendants' cross motion finding, among other things, that the underlying asset sale was not voluntary and, hence, a condition precedent to plaintiffs' right to collect under the terms of the note was not met. Plaintiffs then moved to reargue based upon the examination before trial testimony of Michael Santaro, an officer of Tri-City personally involved in negotiating the asset purchase agreement. Supreme Court denied plaintiffs' motion and these appeals by plaintiffs ensued.

Preliminarily, as the denial of a motion to reargue is not appealable, plaintiffs' appeal in this regard must be dismissed (*see Nichols v Turner*, 6 AD3d 1009, 1010 [2004]). Turning to the merits,[2] we have no quarrel with Supreme Court's decision to grant defendants' cross motion for summary judgment dismissing the complaint. Even a cursory review of the record reveals that the underlying sale of Academe's assets to Tri-City was anything other than voluntary. The sale in question was compelled and orchestrated by M & T in order to satisfy Academe's outstanding loan obligations, and defendants' "choice" was to abide M & T's wishes or face foreclosure. Thus, even if we were to accept plaintiffs' present assertions that the sale of Academe's assets was the equivalent of the "sale, lease or other transfer of

---

**1.** Although the O'Brien defendants attempted to enter into a similar agreement with Bothar Construction, LLC, a competing paving company formed by plaintiffs, M & T negotiated a better deal with Tri-City and essentially trumped the O'Brien defendants' efforts in this regard.

**2.** Although plaintiffs' notice of appeal is from Supreme Court's March 3, 2004 decision rather than the subsequent order and judgment dated March 31, 2004 and entered April 6, 2004, this Court may, in the interest of justice, treat the notice of appeal as premature and reach the merits (*see Matter of Isaiah O. v Andrea P.*, 287 AD2d 816, 817 n [2001]; *see also* CPLR 5520 [c]).

a majority interest in Academe" and that defendants somehow profited thereby—the latter being the very evil that the contingent note obligation allegedly was designed to guard against—plaintiffs nonetheless failed to come forward with proof sufficient to raise a question of fact as to the involuntary nature of the asset sale. Having failed to overcome this particular hurdle, defendants' cross motion for summary judgment dismissing the complaint was properly granted.

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order and judgment entered April 6, 2004 is affirmed, without costs. Ordered that the appeal from the order entered May 11, 2004 is dismissed, without costs.