■ OLD SARATOGA SQUARE PARTNERSHIP, Appellant, v JOHN COMPTON, Defendant, and RICHARD DE VALL, Respondent. [798 NYS2d 743]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered February 11, 2004 in Saratoga County, which, inter alia, granted a motion by defendant Richard De Vall to disqualify plaintiff's counsel from representing plaintiff, and (2) from an order of said court, entered October 7, 2004, which, inter alia, denied plaintiff's motion for leave to renew and/or reargue.

Plaintiff is a partnership in which attorney Donna Wardlaw is a partner. Defendant John Compton (hereinafter defendant) and his son, Lee Compton, leased premises owned by plaintiff in the City of Saratoga Springs, Saratoga County, where they operated a bar. The lease was later assigned solely to Lee Compton, with defendant's notarized signature appearing as guarantor for the lease on a document executed the same day as the assignment. Lee Compton subsequently defaulted and allegedly cannot be found. Defendant asserted that the notarized signature on the guarantee was not his signature. Plaintiff commenced this action against defendant and Richard De Vall, the attorney who notarized defendant's signature on the guarantee. Prior to disclosure, De Vall moved for summary judgment dismissing the complaint and, alternatively, permission to amend his answer to assert a statute of limitations defense and for removal of Wardlaw as plaintiff's counsel. Defendant also moved for summary judgment. Supreme Court found that Wardlaw should be disqualified from representing plaintiff because she was an advocate-witness. All other relief requested by the parties was denied, as was the relevant portion of the subsequent motion by plaintiff to renew and/or reargue.* Plaintiff appeals.

The advocate-witness rule disqualifies an attorney from representing a client when the attorney's "testimony is 'necessary' and he or she 'ought to be called as a witness' " (*Skiff-Murray v Murray*, 3 AD3d 610, 611 [2004], quoting Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21

---

* Review of that subsequent motion reveals that it was in the nature of reargument, and no appeal lies from the denial of a motion to reargue (*see Nichols v Turner*, 6 AD3d 1009, 1010 [2004]). Thus, plaintiff's appeal of the October 7, 2004 order is dismissed (*see O'Brien v O'Brien*, 16 AD3d 1015, 1016 [2005]).

(a)]). This rule does not, however, generally control when the attorney is also a litigant (*see Walker & Bailey v We Try Harder*, 123 AD2d 256, 257 [1986]; *Oppenheim v Azriliant*, 89 AD2d 522, 522 [1982], *appeal dismissed* 57 NY2d 955 [1982]; *see also Gorovitz v Planning Bd. of Nantucket*, 394 Mass 246, 475 NE2d 377 [1985]). Wardlaw is a partner in the plaintiff partnership and the other partners reportedly want her to represent the partnership. For many purposes, including the one implicated by this case, such a partnership is not an entity separate from the persons who compose it (*see Walker & Bailey v We Try Harder, supra* at 257; *see also Dembitzer v Chera*, 285 AD2d 525, 526 [2001]; *cf. Matter of Nassau County Grand Jury*, 4 NY3d 665 [2005] [while acknowledging the general principle, declining to extend it to law firm partners attempting to prevent, under the privilege against compelled self-incrimination, production of firm records]). Wardlaw is a party as well as an advocate and potential witness. Under such circumstances, she should not have been disqualified under the advocate-witness rule. While Wardlaw's right to represent plaintiff is not absolute (*see Walker & Bailey v We Try Harder, supra* at 257), no showing has been made at this early stage of the litigation that would justify not permitting her to proceed as attorney for plaintiff.

Mercure, J.P., Carpinello and Kane, JJ., concur. Ordered that the order entered February 11, 2004 is modified, on the law, without costs, by reversing so much thereof as granted defendant Richard De Vall's motion to have Donna Wardlaw disqualified from acting as attorney for plaintiff; motion denied; and, as so modified, affirmed. Ordered that the appeal from the order entered October 7, 2004 is dismissed, without costs.