*1029 OPINION OF THE COURT
Steven M. Jaeger, J.
Motion by defendant J & A Saporta Realty Corp. for an order pursuant to Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 disqualifying Timothy DiResta, Esq. from acting as counsel for plaintiff is granted.
Plaintiff TDD Irrevocable Trust commenced this action seeking, inter alia, a declaration that it has an equitable lien or real property interest enforceable against the premises, now owned by J & A, known as 945-947 West Beech Street, Long Beach, New York. Susan Odery and Frank Odery were the former owners of the property and creators of a 2007 trust agreement. Susan Odery was originally appointed as trustee and Mr. DiResta was named as the beneficiary.
For more background information, this court respectfully refers to the two prior orders dated November 27, 2013 (2013 NY Slip Op 33807[U] [2013]) and June 24, 2014 (2014 NY Slip Op 33391[U] [2014]).
In support of the motion, defendant argues that the “determination of whether a lien or real property interest was created by the trust agreement (a proposition categorically opposed) inextricably requires Mr. DiResta’s testimony.” (Stuart Siris’ affirmation ¶ 5.)
In particular, counsel for defendant states that
“on August 3, 2007, DiResta had the Oderys sign the trust agreement outside the presence of the mortgage holders (and their attorney) with whom DiResta was dealing as the Odery[s’] attorney, and concealed the trust agreement from them. Had the mortgage holders known of the trust agreement, they and their attorney, Leo McGinity, Jr., would never have agreed to release DiResta from his personal guarantees, or consented to the transfer of the property by DiResta’s company (Just Beachy Realty LLC) to the Oderys, or accepted the Oderys’ deed escrow agreement, also negotiated by DiResta and which the trust also relies upon in its effort to enforce the trust agreement against the property.” {Id. ¶ 7.)
Defendants further assert that Mr. DiResta “played an integral role in the preparation, negotiation, execution and recordation of the trust agreement and other related agreements” and is, therefore, a necessary and material witness in this mat *1030 ter. Mr. DiResta’s testimony is highly relevant and not available from other sources and as such, he should be disqualified. (Id. ¶¶ 9, 10.)
Mr. DiResta asserts that defendant’s motion to disqualify him from representing TDD, as essentially counsel for himself, makes no sense—for all intents and purposes, he is the plaintiff as he is the trustee and also the sole beneficiary of TDD. (¶ 2 of Mr. DiResta’s affirmation in opposition.) Mr. DiResta further argues that the advocate-witness rule does not apply here as the attorney is a litigant and cites Walker & Bailey v We Try Harder (123 AD2d 256, 257 [1st Dept 1986]) to support his position.
In Walker & Bailey v We Try Harder, the Court stated in pertinent part as follows:
“While the disciplinary rules preclude an attorney from acting as both witness and advocate in the same proceeding, the prohibition does not apply where, as here, the attorney is a litigant. (Oppenheim v Azriliant, 89 AD2d 522.) An attorney has the right, both statutory (CPLR 321 [a]) and constitutional (NY Const, art I, § 6), to represent himself. Although the right is not absolute, any restriction thereof must be carefully scrutinized (Matter of Abrams [John Anonymous], 62 NY2d 183, 196).” (123 AD2d at 257.)
In response, defendant notes that
“[f]or the first time, in opposition to this motion, plaintiff’s counsel claims that he is representing himself ‘pro se. ’ Until this motion was filed, counsel never held himself out to be representing himself. A review of the numerous affirmations submitted by counsel, on file with the Clerk of this Court, confirm that plaintiff’s counsel consistently distinguished himself from the TDD Irrevocable Trust (hereinafter referred to as the ‘Trust’ or ‘plaintiff) and referred to himself as counsel for such Trust, an independent and distinct entity.” (Reply affirmation ¶ 2.)
In particular, Mr. DiResta has filed: an affirmation in opposition to J & A’s pre-answer motion to dismiss; an affirmation to supplement such opposition to J & A’s dismissal motion; an affirmation in opposition to J & A’s motion for leave to reargue the denial of its dismissal motion; an affirmation in support of plaintiffs cross motion for summary judgment; and a reply affirmation to J & A’s opposition to such cross motion. CPLR 2106 specifically states:
*1031 “The statement of an attorney admitted to practice in the courts of the state . . . who is not a party to an action, when subscribed and affirmed by him to be true under the penalties of perjury, may be served or filed in the action in lieu of and with the same force and effect as an affidavit.”
Thus, affirmations are permitted to be submitted by attorneys only if they are not parties to the action, which is how DiResta labeled himself before this motion.
“Disqualification . . . during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants” (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]). “A party’s entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted” (Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901 [2d Dept 2014]; Trimarco v Data Treasury Corp., 91 AD3d 756 [2d Dept 2012]; Friia v Palumbo, 89 AD3d 896 [2d Dept 2011]; see also Aryeh v Aryeh, 14 AD3d 634 [2d Dept 2005]).
A motion to disqualify an attorney is addressed to the sound discretion of the Supreme Court (Gordon v Ifeanyichukwu Chuba Orakwue Obiakor, 117 AD3d 681 [2d Dept 2014]; Falk v Gallo, 73 AD3d 685 [2d Dept 2010]; Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802 [2d Dept 2007]), and any doubts are to be resolved in favor of disqualification (Matter of Stober v Gaba & Stober, 259 AD2d 554 [2d Dept 1999]).
Hence, the party seeking to disqualify an attorney bears the burden on the motion (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.).
Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 states:
“(a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
“(1) the testimony relates solely to an uncontested issue;
“(2) the testimony relates solely to the nature and value of legal services rendered in the matter;
“(3) disqualification of the lawyer would work substantial hardship on the client;
“(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that *1032 substantial evidence will be offered in opposition to the testimony; or
“(5) the testimony is authorized by the tribunal.”
“In order to disqualify counsel on the ground that he or she may be called as a witness, the party moving for disqualification has the burden of demonstrating that ‘(1) the testimony of the opposing party’s counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party’ ” (Homar v American Home Mtge. Acceptance, Inc., 119 AD3d at 901, quoting Trimarco v Data Treasury Corp., 91 AD3d at 757).
It is undisputed that Mr. DiResta possesses knowledge of relevant and necessary information regarding the “preparation, negotiation, execution and recordation of the Trust” (see 2014 NY Slip Op 33391[U], *7 [June 24, 2014]). Hence, he is likely to be called as a witness on significant issues of fact. (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7; see Fuller v Collins, 114 AD3d 827 [2d Dept 2014]; Falk v Gallo.)
Walker & Bailey v We Try Harder is distinguishable from the instant action. In a formal sense, plaintiff is acting as attorney for the trust. A lawyer for the trust represents the trust; the trust is a legal entity separate and apart from the trustee and beneficiary. Moreover, as attorney, DiResta also represented the interest of any contingent beneficiaries.
Even accepting Mr. DiResta’s argument, Mr. DiResta’s right to represent the trust is not absolute (Walker & Bailey v We Try Harder at 257), and a sufficient showing has been made here to justify not permitting him to proceed as attorney for the trust (cf. Old Saratoga Sq. Partnership v Compton, 19 AD3d 823 [3d Dept 2005]).
This court has considered plaintiff’s remaining arguments and finds them to be unavailing.