■ ARON HERCZL, Respondent, v DAVID FEINSILVER et al., Appellants. [61 NYS3d 302]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated June 6, 2014, as granted that branch of the plaintiff's motion which was to disqualify the defendant David Feinsilver from representing himself in this action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to disqualify the defendant David Feinsilver from representing himself in this action is denied.

In 2010, the defendant David Feinsilver, an attorney, commenced representing the plaintiff in a legal matter unrelated to this action. While that unrelated matter was pending, Feinsilver and the plaintiff entered into an arrangement to purchase properties and "flip" them for a profit. Feinsilver and the plaintiff agreed on the terms of the arrangement, which the plaintiff refers to as a "joint venture" and Feinsilver refers to as an "independent contractor" agreement. The agreement set out, among other matters, their roles and responsibilities, and the division and allocation of profits and losses.

A dispute arose with respect to two properties in Brooklyn, and, in August 2013, the plaintiff commenced this action against Feinsilver and other entities related to Feinsilver. The plaintiff alleged, among other things, breach of fiduciary duties, breach of contract, fraud, and legal malpractice. The defendants interposed various counterclaims.

In December 2013, as relevant here, the plaintiff moved to disqualify Feinsilver and his law firm, The Feinsilver Law Group, from representing the defendants in this action. In an order dated June 6, 2014, the Supreme Court, inter alia, granted the motion with respect to Feinsilver himself, disqualifying him from representing any of the defendants, including himself. The defendants appeal from so much of the order as disqualified Feinsilver from representing himself.

An attorney, like any other litigant, has the right, both constitutional (*see* NY Const, art I, § 6) and statutory (CPLR 321 [a]), to self-representation (*see Walker & Bailey v We Try Harder*, 123 AD2d 256, 257 [1986]). Although the right is not absolute, any restriction on it must be carefully scrutinized (*see id.* at 257; *Oppenheim v Azriliant*, 89 AD2d 522, 522 [1982]). Here, the plaintiff failed to demonstrate any compelling reason why Feinsilver should not be allowed to represent himself in this action (*see Old Saratoga Sq. Partnership v Compton*, 19 AD3d 823, 825 [2005]; *Walker & Bailey v We Try Harder*, 123 AD2d at 257; *Oppenheim v Azriliant*, 89 AD2d at 522). Accordingly, the Supreme Court erred in disqualifying Feinsilver from representing himself in this action (*see Old Saratoga Sq. Partnership v Compton*, 19 AD3d at 825; *Walker & Bailey v We Try Harder*, 123 AD2d at 257; *Azriliant v Oppenheim*, 91 AD2d 586, 587 [1982]; *Oppenheim v Azriliant*, 89 AD2d at 522). Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.