Oved & Oved, LLP v Zane (2018 NY Slip Op 04664)





Oved & Oved, LLP v Zane


2018 NY Slip Op 04664


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6962N 652932/12

[*1] Oved & Oved, LLP, Plaintiff-Respondent,
v
Ted Zane, Defendant-Appellant.


Law Office of Neil J. Saltzman, New York (Neil J. Saltzman of counsel), for appellant.
Oved & Oved, LLP, New York (Edward C. Wipper of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 10, 2017, which, inter alia, denied defendant's motion to disqualify plaintiff to act as counsel in this action seeking to recover legal fees, unanimously affirmed, with costs.
Defendant's motion was properly denied because "[w]hile the disciplinary rules preclude an attorney from acting as both witness and advocate in the same proceeding, the prohibition does not apply where, as here, the attorney is a litigant" (Walker & Bailey v We Try Harder, 123 AD2d 256, 257 [1st Dept 1986]). The fact that plaintiff is seeking to recover fees under a theory of quantum meruit does not compel a different result. Furthermore, rule 1.9 of the Rules of Professional Conduct (22 NYCRR 1200.0), which seeks to avoid a conflict of interest between an attorney's
former and current client on a substantially related matter, does not apply here, where the attorney is acting pro se to recover legal fees (see id. ).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK