Capital One, N.A. v Saglimbeni (2019 NY Slip Op 01837)





Capital One, N.A. v Saglimbeni


2019 NY Slip Op 01837


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Richter, J.P., Gesmer, Kern, Moulton, JJ.


7978 35191/15E

[*1]Capital One, N.A., Plaintiff-Respondent,
v
Carmela Saglimbeni, Defendant-Appellant, Sterling Recoveries, Inc., et al., Defendants.


Petroff Amshen LLP, Brooklyn (Christopher Villanti of counsel), for appellant.
Woods Oviatt Gilman LLP, Rochester (Stephanie Rowe of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 11, 2017, which granted plaintiff's motion for, inter alia, summary judgment on its foreclosure complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendant contends that this action is time-barred, because the six year statute of limitations was triggered by a prior foreclosure action, in which the lender (plaintiff's assignor) accelerated the mortgage debt, and the instant action was not commenced until after the limitations period expired.
Summary judgment was not precluded by plaintiff's failure to demonstrate that it served defendant with a 30-day notice in compliance with Section 22 of the mortgage, because defendant waived the argument by failing to raise it in her answer with the requisite specificity and particularity required by CPLR 3015(a) (see 1199 Hous. Corp. v International Fid. Ins. Co., 14 AD3d 383, 384 [1st Dept 2005]).
However, in this action, Supreme Court erred in nullifying plaintiff's assignor's acceleration in the prior action based on Section 22 of the mortgage which provides that the lender may accelerate the mortgage only if, inter alia, it has served defendant with a proper 30-day notice of default. Where the acceleration is optional as here, some affirmative action must be taken to evince the note holder's election to accelerate (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983 [2d Dept 2012]). Affirmative action can be in the form of a letter (see Deutsche Bank Natl. Trust Co. v Royal Blue Realty Holdings, Inc., 148 AD3d 529, 530 [1st Dept 2017], lv denied 30 NY3d 959, 960 [2017]) or the commencement of a foreclosure action (see Nationstar Mtge. LLC v Islam, 158 AD3d 553, 553 [1st Dept 2018]). Plaintiff's assignor accelerated the mortgage debt by commencing the prior action and stating in its complaint that "plaintiff elects herein to call due the entire amount secured by the mortgage(s)."
Because there was no finding in the prior action that plaintiff's assignor did not have the authority or standing to accelerate the mortgage debt (see Deutsche Bank Natl. Trust Co. v Board of Mgrs. of the E. 86th St. Condominium, 162 AD3d 547, 547 [1st Dept 2018]; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593 [2d Dept 2008]), Supreme Court had no basis to nullify the prior assignor's acceleration. In fact, in the prior action, Supreme Court found that plaintiff's assignor had standing to sue, despite defendant's argument to the contrary. Nor can plaintiff raise plaintiff's assignor's failure to serve a proper 30-day notice to nullify the prior acceleration. Noncompliance with a condition precedent is an affirmative defense (Azriliant v Oppenheim, 91 AD2d 586, 587 [1st Dept 1982] ["any condition precedent must be raised by the defendants as an affirmative defense"]). Defendant did not raise the affirmative defense of noncompliance with Section 22 of the mortgage in the prior action.
However, an issue of fact exists regarding whether the action is time-barred, which is dependent on whether plaintiff's assignor's voluntary discontinuance of the prior action due to a "defective default notification" de-accelerated the mortgage debt (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070 [2d Dept 2017]).
Contrary to plaintiff's argument, it is not entitled to a 90 day toll under CPLR 204(a) where it served the 90-day notice under RPAPL 1304 one year before it commenced this action and where nothing in RPAPL 1304 proscribed it from commencing this action earlier (see HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK