Hogan v Zibro (2021 NY Slip Op 00214)





Hogan v Zibro


2021 NY Slip Op 00214


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

529058

[*1]Nancy Hogan, Respondent,
v
Kathleen Zibro, Appellant.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Cullen and Dykman LLP, Albany (Nicholas J. Faso of counsel), for appellant.
Pemberton and Briggs, Schenectady (Paul Briggs of counsel), for respondent.



Aarons, J.
Appeals (1) from an order of the Supreme Court (O'Connor, J.), entered February 15, 2019 in Albany County, which, in an action pursuant to RPAPL article 9, among other things, confirmed a referee's report determining the rights of the parties to certain real property, and (2) from an order of said court, entered March 19, 2019 in Albany County, which granted plaintiff's motion in limine and dismissed a counterclaim.
Plaintiff and defendant are owners of three separate parcels of real property located in Albany County. Plaintiff commenced this action under RPAPL article 9 seeking, among other things, partition of the subject parcels. Defendant answered and asserted two counterclaims. A referee was appointed to determine, among other things, the rights of the parties and whether partition of the properties was appropriate. Following a hearing, the referee issued a report concluding, among other things, that partition could proceed and granted each party a 50% interest for each parcel. In February 2019, Supreme Court confirmed the referee's report. Plaintiff subsequently moved to preclude defendant from offering proof at trial in support of her first counterclaim. In March 2019, the court granted plaintiff's motion and dismissed defendant's first counterclaim. These appeals ensued.
As an initial matter, we note that the record does not contain any motion by either party to confirm or reject the referee's report. Supreme Court's recitation of the papers that it considered likewise does not indicate that there was a motion by any party. In this regard, according to the February 2019 order, the court considered, as relevant here, a "[l]etter brief . . . dated January 28, 2019" from plaintiff's counsel and a "[p]ost-[h]earing submission . . . dated January 28, 2019" from defendant's counsel.[FN1] Because the record reflects that the February 2019 order was a product of letter briefs, it was not an order deciding a motion made upon notice. As such, the February 2019 order is not appealable as of right (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335-336 [2003]), and we decline to grant leave to appeal.
Regarding the March 2019 order, although Supreme Court decided a motion in limine, it ultimately dismissed one of defendant's counterclaims. Accordingly, the March 2019 order is appealable as of right (see Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1193-1194 [2016]). Notwithstanding the foregoing, defendant has abandoned any arguments with respect to the March 2019 order by failing to raise them in her brief (see NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC, 168 AD3d 1251, 1253 n [2019]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that appeal from the order entered February 15, 2019 is dismissed, without costs.
ORDERED that the order entered March 19, 2019 is affirmed, without costs.



Footnotes

Footnote 1: Neither of these documents is in the record.