Matter of State of N.Y. v John T. (2021 NY Slip Op 02862)





Matter of State of N.Y. v John T.


2021 NY Slip Op 02862


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

531420 531960

[*1]In the Matter of State of New York, Respondent-Appellant,
v
John T., Appellant- Respondent.

Calendar Date:March 9, 2021

Before: Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Matthew W. Bliss of counsel), for appellant-respondent.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent-appellant.


Clark, J.
(1) Cross appeals, by permission, from an order of the Supreme Court (Powers, J.), entered March 16, 2020 in Clinton County, which, in a proceeding pursuant to Mental Hygiene Law article 10, directed that respondent could cross-examine certain witnesses at trial by videoconference, and (2) appeal from an order of said court, entered August 24, 2020 in Clinton County, which denied petitioner's motion to, among other things, vacate the prior order.
In October 2017, petitioner commenced this Mental Hygiene Law article 10 proceeding, seeking a determination that respondent is a sex offender requiring civil management (see Mental Hygiene Law § 10.03 [q]). Prior to a jury trial on the issue of whether respondent suffers from a mental abnormality (see Mental Hygiene Law § 10.07 [a]), petitioner notified respondent that it intended to present opinion testimony from two expert witnesses, as well as the testimony of witnesses who were either adjudicated or alleged to have been victimized by respondent (hereinafter referred to as the victim witnesses). After unsuccessfully moving to preclude the testimony of the victim witnesses, respondent expressed dissatisfaction with his assigned counsel — Mental Hygiene Legal Service (hereinafter MHLS) — and requested that he be permitted to proceed pro se.[FN1] Upon concluding that respondent's waiver of his right to counsel was knowing, voluntary and intelligent, Supreme Court granted respondent's request to represent himself, but directed that MHLS act as standby counsel. Following numerous discussions regarding the extent of MHLS's involvement, Supreme Court issued an order stating that respondent was "solely responsible for conducting all aspects of his defense" and that MHLS's "obligations as standby counsel [were] limited to advising respondent upon his request[,] attending all trial dates and appearances, including bench conferences," and assisting in the preparation of legal memoranda.
Petitioner thereafter raised the issue of whether respondent should be permitted to personally cross-examine the victim witnesses. Supreme Court directed the parties to submit their respective positions in writing. In accordance with Supreme Court's directive, petitioner submitted a "letter brief" in which it argued that respondent should be precluded from cross-examining the victim witnesses or, alternatively, that the victim witnesses should be permitted to testify by "close-captioned video." MHLS and respondent opposed petitioner's requests in separate letter briefs. By order entered March 2020, Supreme Court denied petitioner's request to preclude respondent from personally conducting the cross-examinations, but directed that the victim witnesses "be permitted to testify by simultaneous two-way video."
Petitioner thereafter moved to, among other things, vacate the March 2020 order.[FN2] MHLS — acting on respondent's behalf — supported vacatur of that part of the March 2020 order allowing the victim witnesses to testify [*2]by videoconference, but otherwise opposed the motion. In August 2020, following oral argument, Supreme Court denied petitioner's motion. By permission, respondent appeals and petitioner cross-appeals from the March 2020 order.[FN3] Petitioner further appeals from the August 2020 order.
Neither petitioner nor respondent is satisfied with the terms of Supreme Court's March 2020 order. Petitioner primarily argues that respondent should not be permitted to personally conduct the cross-examinations of the victim witnesses under any circumstances and that such cross-examinations should instead be conducted by counsel. Respondent, for his part, takes issue with Supreme Court's directive that he conduct his cross-examinations via simultaneous two-way video. As made clear from the parties' divergent positions, the underlying issue distills to whether respondent is entitled to personally conduct the cross-examinations of the victim witnesses and, if so, under what circumstances. We agree with petitioner that, in resolving this issue, Supreme Court failed to engage in the requisite analysis and that, therefore, the court's wholesale denial of petitioner's motion to vacate the March 2020 order was an abuse of discretion.
Whether a respondent in a Mental Hygiene Law article 10 proceeding possesses a due process right to self-representation appears to be an open question in New York (see Matter of Brooks v State of New York, 120 AD3d 1577, 1579 [2014], lv denied 25 NY3d 901 [2015]; Matter of State of New York v Timothy BB., 113 AD3d 18, 21 [2013], appeal dismissed and lv denied 23 NY3d 941 [2014]). Assuming, without deciding, that respondent has a due process right to self-representation, we note that any such right is not absolute (see e.g. People v Crespo, 32 NY3d 176, 178 [2018], cert denied ___ US ___, 140 S Ct 148 [2019]; People v McIntyre, 36 NY2d 10, 18 [1974]) and that the scope of due process owed to respondent is determined by applying the balancing test set forth in Mathews v Eldridge (424 US 319, 335 [1976]; see Matter of State of New York v Floyd Y., 22 NY3d 95, 103 [2013]). Under that test,
"identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail" (Mathews v Eldridge, 424 US at 334-335; see Matter of State of New York v Floyd Y., 22 NY3d at 105; People v David W., 95 NY2d 130, 136-137 [2000]).
With regard to the first factor, there can be no doubt that the private interest at stake is significant. Indeed, as the Court of Appeals has stated, "[t]he potential [*3]for indefinite confinement threatens a liberty interest of the highest order" (Matter of State of New York v Floyd Y., 22 NY3d at 105). Additionally, respondent "face[s] the stigma of being branded a sex offender" (Matter of State of New York v Daniel OO., 88 AD3d 212, 221 [2011], appeal dismissed 21 NY3d 1038 [2013]).
As for the second factor, we find that requiring counsel to conduct the cross-examinations of the victim witnesses is unlikely to increase the risk that respondent will be erroneously deprived of his liberty interest. In fact, counsel-conducted cross-examinations would likely aid, rather than impair, the truth-seeking process (see generally Walters v National Assn. of Radiation Survivors, 473 US 305, 321 [1985]). Moreover, by conferring with counsel prior to and during the cross-examinations, respondent may still direct the nature of the cross-examinations and the strategy pursued during those cross-examinations on his behalf.
Turning to the third and final factor, we find that, in proceedings such as these, petitioner has a strong and compelling interest in "protecting the public from those who are dangerously mentally ill" and providing treatment to individuals with mental abnormalities (Matter of State of Daniel OO., 88 AD3d at 221). Petitioner bears the burden of proving that respondent is a dangerous sex offender requiring civil management — that is, that respondent is a "detained sex offender who suffers from a mental abnormality" (Mental Hygiene Law §§ 10.03 [q]; 10.07 [d]). Petitioner asserts that, to sustain its burden, testimony from the victim witnesses is necessary. Specifically, petitioner asserts that testimony from four of the victim witnesses is required under Matter of State of New York v Floyd Y. (22 NY3d at 110) because their descriptions of respondent's alleged offenses formed the basis for the opinions of petitioner's experts, and that testimony from the remaining three victim witnesses is necessary to establish that respondent's alleged offenses were sexually motivated. We agree with petitioner that allowing respondent to personally conduct the cross-examinations of the victim witnesses could thwart or impair petitioner's ability to sustain its burden of proof by causing the witnesses to back out of testifying or by causing a "chilling effect" on their testimony. Moreover, petitioner has a compelling interest in protecting the victim witnesses from any possible retraumatization resulting from respondent personally conducting cross-examinations of them.
Upon balancing the foregoing Mathews factors, we find that, to the extent that respondent has a due process right to self-representation, such right does not entitle him to personally conduct the cross-examinations of the victim witnesses whom he was adjudicated or alleged to have victimized.[FN4] Thus, notwithstanding respondent's pro se status, the cross-examinations of the victim witnesses must be conducted by respondent's standby counsel (MHLS) or, [*4]should respondent prefer, other court-appointed counsel. Accordingly, we reverse the August 2020 order and grant petitioner's motion to the extent of vacating the March 2020 order and directing that the cross-examinations of the victim witnesses be conducted by respondent's standby counsel or other court-appointed counsel.[FN5]
The parties' remaining contentions have been either rendered academic by our determination or found to be lacking in merit.
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order entered August 24, 2020 is modified, on the law, without costs, by reversing so much thereof as denied that part of petitioner's motion as sought to (1) vacate the March 16, 2020 order and (2) direct that the cross-examinations of the subject victim witnesses be conducted by respondent's standby counsel or other court-appointed counsel; motion granted to said extent; and, as so modified, affirmed.
ORDERED that the order entered March 16, 2020 is vacated, without costs.



Footnotes

Footnote 1: In his written request to proceed pro se, respondent stated that his assigned counsel lacked the expertise to represent him against the victim witnesses and stated that it was his intention to cross-examine the victim witnesses himself.

Footnote 2: Petitioner also sought affirmative relief — namely, an order requiring that respondent submit his cross-examination questions for prescreening and that MHLS or other court-appointed counsel cross-examine the victim witnesses using the prescreened questions.

Footnote 3: We agree with petitioner that an appeal as of right does not lie from the March 2020 order, as it "was not an order deciding a motion made upon notice" (Hogan v Zibro, 190 AD3d 1124, 1124 [2021]; see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335-336 [2003]). However, inasmuch as Supreme Court granted leave to appeal from the March 2020 order, the appeal and cross appeal from that order are properly before us (see CPLR 5701 [c]).

Footnote 4: Although not argued by the parties, to the extent that respondent has a statutory right to represent himself (see CPLR 321 [a]), for the reasons discussed, we find that there are compelling justifications for limiting that right by requiring that counsel, rather than respondent, conduct the cross-examinations of the victim witnesses (compare Herczl v Feinsilver, 153 AD3d 1336, 1337 [2017]; Nimkoff v Nimkoff, 18 AD3d 344, 346 [2005]).

Footnote 5: Given that the cross-examinations are to be conducted by counsel, we find it unnecessary for the questions to be prescreened, as requested by petitioner. We therefore deny that aspect of petitioner's motion to vacate seeking to require that respondent's cross-examination questions be prescreened.