Williams v Hudson NY LLC (2021 NY Slip Op 06014)





Williams v Hudson NY LLC


2021 NY Slip Op 06014


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

531172
[*1]Frankie E. Williams Sr., Appellant,
v
Hudson NY LLC et al., Respondents.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Frankie E. Williams Sr., Claverack, appellant pro se.
Cabaniss Casey LLP, Albany (John B. Casey of counsel), for respondents.



Aarons, J.
Appeal from an order of the Supreme Court (Ceresia, J.), entered December 13, 2019 in Columbia County, which granted defendants' motion for dismissal of the complaint.
Plaintiff commenced this negligence action alleging that he sustained personal injuries after slipping on water in the bathtub of his apartment. Defendants joined issue and subsequently moved for dismissal of the complaint. Supreme Court granted the motion, prompting this appeal by plaintiff. We affirm.
A defendant may not be liable for a dangerous condition on property if it did not own, occupy, control or have a special use of the property (see Butler v Rafferty, 100 NY2d 265, 270 [2003]; Turrisi v Ponderosa, Inc., 179 AD2d 956, 957 [1992]). Plaintiff alleged in the complaint that defendants "owned, operated, managed[,] maintained and controlled" the building where his apartment was located. Plaintiff further alleged that his accident occurred in January 2016. The record, however, discloses that defendant Hudson NY LLC was not formed until June 2016 and that Hudson NY did not take title of the building from defendant THC Enterprises, Inc.[FN1] until October 2016. Because the evidence established that Hudson NY did not own, operate, manage, maintain or control the property at the time of plaintiff's accident, Hudson NY cannot bear liability for plaintiff's alleged personal injuries. Although plaintiff contended that THC Enterprises "sold the property to Hudson NY
. . . subject to [his] claim," he failed to allege any facts to support this bare legal conclusion. In any event, it is belied by the record.
Regarding defendant Brian J. Herman, Supreme Court found that he could not be held personally liable for the alleged negligence. In this regard, Herman averred in an affidavit that he was a member of Hudson NY and that he had no involvement with the subject property in his individual capacity. Herman further averred that he had no ownership interest in THC Enterprises. As plaintiff failed to allege any facts to the effect that Herman, as a company member, participated in the commission of a tort in furtherance of Hudson NY's business or to benefit Hudson NY, the complaint was correctly dismissed insofar as asserted against Herman (see Bynum v Keber, 135 AD3d 1066, 1068 [2016]; compare Haire v Bonelli, 57 AD3d 1354, 1357 [2008]).
To the extent challenged by plaintiff, Supreme Court correctly granted that part of defendants' motion for dismissal of the complaint against THC Enterprises for lack of personal jurisdiction. The record reflects that plaintiff commenced this action in January 2019, and a "return of service" form indicated that service was effectuated by a sheriff. Assuming, without deciding, that the return of service form constituted admissible evidence, such document shows that THC Enterprises was served in July 2019. Because service occurred more than 120 days after the commencement of this action (see CPLR 306-b), the court's determination on this point [*2]will not be disturbed.
Finally, Supreme Court providently exercised its discretion in refusing to accept plaintiff's surreply papers when deciding defendants' motion (see BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1156 [2017]). Nor did the court err by not considering plaintiff's amended complaint given that the time to amend the complaint as of right had already passed (see CPLR 3025 [a]) and plaintiff did not seek leave to do so (see CPLR 3025 [b]; Baron v Pfizer, Inc., 42 AD3d 627, 630 [2007]). Any argument with respect to the dismissal of the complaint against defendant Barry Lee Sacks has been abandoned (see Hogan v Zibro, 190 AD3d 1124, 1125 [2021]).
Lynch, J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: THC Enterprises acquired the subject property in 2004.